(No. 35716.—

BEATRICE LOWREY *et al.,* Appellants, *vs.* EDWARD MALKOWSKI *et al.,* Appellees.

*Opinion filed September 29, 1960.—Rehearing denied Nov. 30, 1960.*

IRVING EISENBERG, of Chicago, (PAUL I. BAIKOFF, of counsel,) for appellants.

BRODY & GORE, DUFFY & CONNELL, MCKINLEY & PRICE, and HEINEKE, CONKLIN & SCHRADER, all of Chicago, for appellees.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This case involves a construction of the Liquor Control Act, (Ill. Rev. Stat. 1957, chap. 43, par. 135.) and the limitations contained therein in relation to alleged loss of support caused by habitual drunkenness.

Plaintiff Beatrice Lowrey brought suit for herself and on behalf of two minor children against the defendant dramshops. The complaint was filed in the circuit court of Cook County on April 3, 1958. It alleged that the plaintiff Beatrice Lowrey obtained a divorce from Edward Jan-

owiak, Jr., hereinafter called husband, on November 10, 1954, on the ground of habitual drunkenness. The complaint further alleged as follows: "Thereafter, pursuant to notices and petitions filed, judgment was entered in the same cause on behalf of this plaintiff against said husband on April 23, 1957, in aggregate sum of $1590.00, for accrued support and fees. Since the entry of such decree of divorce and to this date, husband has at no time whatever paid any money to plaintiff on account of support or costs or fees either for this plaintiff or the minor children as more fully set forth hereinafter. Plaintiff subsequently married Roger Lowrey on or about January 8, 1955. During the period of years above referred to, the husband was from time to time gainfully employed, and except for his excessive inbibing of intoxicating liquors was and would have been fully capable of properly supporting plaintiff and the minor children. Directly due to such drinking said husband was discharged from his regular employment. Plaintiff charges that throughout such period of years above referred to, husband purchased or obtained by gift intoxicating liquors from all the defendants, jointly or severally, resulting in his habitual intoxication throughout such periods, without any fault or cause on the part of this plaintiff."

The several defendants filed separate motions to dismiss, all setting forth in substance that the complaint did not state a cause of action under the Liquor Control Act, and that the complaint was barred by the limitation provision of the act. Upon hearing the trial court dismissed the complaint and thereafter denied plaintiffs leave to file an amended complaint. The Appellate Court for the First District affirmed and we granted leave to appeal.

Plaintiffs contend that their complaint states a cause of action for loss of support and is not barred by the limitation provision of the Liquor Control Act. Defendants insist

that the complaint does not state a cause of action, in that it does not allege injury or death to the provider of support, and in any event suit was not commenced within one year after the cause of action accrued.

The applicable provisions of the Liquor Control Act (Ill. Rev. Stat. 1957, chap. 43, par. 135,) are as follows: "Every person, who shall be injured, in person or property by any intoxicated person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; * * *. An action shall lie for injuries to means of support, caused by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, resulting as aforesaid. Such action shall be brought by and in the name of the person injured or the personal representative of the deceased person, as the case may be, from whom said support was furnished, and the amount recovered in every such action shall be for the exclusive benefit of the person or persons injured in loss of support, and shall be distributed to such persons in the proportions determined by the judgment or verdict rendered in said action. * * * provided that every action hereunder shall be barred unless commenced within one year next after the cause of action accrued."

We turn first to the issue of the one-year limitation on the right to sue, which the Appellate Court regarded as dispositive of this case. The one-year proviso contained in the act is a special limitation upon a statutory cause of action, and as such is distinguishable from the general statutes of limitation which applied prior to the 1955 amendment to the act. *Desiron* v. *Peloza* 308 Ill. App. 582; Ill. Rev. Stat. 1957, chap. 83, par. 15.

A similar limitation in the Injuries Act has been repeatedly held to be a condition precedent to the right of

recovery, which must be observed in all events. (*Wilson* v. *Tromly,* 404 Ill. 307; *Fitzpatrick* v. *Pitcairn,* 371 Ill. 203; *Hartray* v. *Chicago Railways Co.,* 290 Ill. 85.) In addition to these persuasive authorities, we held that the legislature intended to apply the dramshop limitation retroactively to prevent the evil of prolonged liability of dramshop owners who rarely have an actual knowledge of the events upon which their liability is based. *Orlicki* v. *McCarthy,* 4 Ill.2d 342, 353.

The Appellate Courts of this State have consistently held this special limitation of the Liquor Control Act applicable to minor plaintiffs. (*Shelton* v. *Woolsey,* 20 Ill. App. 2d 401, 405; *Steiskal* v. *Straus,* 3 Ill. App. 2d 479.) The United States Court of Appeals for the 7th Circuit also specifically found that the special limitation of the Liquor Control Act is applicable to minors in *Seal* v. *American Legion Post No. 492,* (7th Cir.) 245 F.2d 908. Because of the plain language of the act, and the evident purpose of the limitation, we agree with the foregoing authorities. We know of no such compelling reason that should induce this court to engraft an exception onto the plain language of the act. We, therefore, hold that the present action involving minor plaintiffs, was required to be filed "within one year next after the cause of action accrued."

This conclusion, however, is not dispositive of the case until it is determined when this cause of action accrued. While plaintiffs are somewhat vague as to the time they contend the cause of action accrued, they have suggested that this is a type of continuing tort and limitations begin to run only when the tortious overt acts cease. In support of this position they cite *Rogers* v. *Dwight,* (E.D. Wis.) 145 F. Supp. 537, a Federal trial court decision overruling a motion to dismiss a dramshop complaint for habitual drunkenness on the ground that suit was not filed within two years of the accrual of the cause of action. We do not regard

that case as persuasive authority here, since the memorandum opinion does not set forth the pertinent allegations of the complaint in that case.

In the case at bar, the complaint clearly alleges the concurrence of the sale of liquor, the habitual drunkenness, and the consequent loss of support as early as November 10, 1954. At that time all of the essential elements of the alleged cause of action were in existence, and the cause of action had accrued. Public policy does not require that a dramshop operator be made perpetually liable for the consequences of the sale of liquor. (*Orlicki* v. *McCarthy,* 4 Ill.2d 342, 353.) The legislature has required that the beneficiaries of the protection of the Liquor Control Act must bring their action within one year of the accrual of the cause of action. We would be unjustified in judicially legislating an exception in cases of habitual drunkenness.

In a suit under the Liquor Control Act, it is the obligation of the plaintiffs to allege facts bringing them within the compass of the act. (*Hartray* v. *Chicago Railways Co.,* 290 Ill. 85.) In the case at bar, the plaintiffs have failed to bring themselves within the one-year limitation and their complaint was properly dismissed.

Plaintiffs however, also argue that the trial court abused its discretion in refusing to permit them to file an amendment to their complaint after the original complaint was dismissed. The trial judge has broad discretion in permitting or refusing amendments and we will review only a manifest abuse of such discretion. (*Deasey* v. *City of Chicago,* 412 Ill. 151, 156; *Joyce* v. *Blankenship,* 399 Ill. 136.) In the present case we are powerless to review the exercise of discretion by the trial judge, as plaintiffs have failed to incorporate the proferred amendment in their record on appeal. We must, therefore, assume that the refusal to permit such an amendment was not prejudicial to plaintiffs.

We believe that the complaint was properly dismissed on the ground that it was not filed within one year next after the cause of action, if any, accrued.

Because of the foregoing conclusions, we hold that the trial court was correct in entering judgment for defendants. The judgment of the Appellate Court must accordingly be affirmed.

*Judgment affirmed.*