(No. 38976.—

Kenneth E. Haymes, Appellee, *vs.* Catholic Bishop of Chicago, Appellant.

*Opinion filed November 19, 1965.*

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago, (Oswell G. Treadway, of counsel,) for appellant.

Philip H. Corboy and James P. Chapman, both of Chicago, for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The plaintiff, a minor, by his mother as next friend brings this personal injury action for $40,000 damages against defendant, a corporation sole, and charges in his amended complaint that his injuries sustained January 18, 1960, at Franciscan Sisters of St. Pancratius School were proximately caused by defendant's negligence, said school being owned, operated, managed, maintained and controlled by defendant. The circuit court of Cook County granted defendant's motion to dismiss the amended complaint for failure to state a cause of action. Plaintiff first appealed to this court on constitutional grounds, but since plaintiff urged no constitutional grounds in the trial court, on plaintiff's own motion, we transferred the cause to the First District Appellate Court, which reversed and remanded the cause to the trial court. The appellate court found the amended complaint stated a cause of action against the defendant, but directed the trial court to reduce the *ad damnium* from $40,000 to $10,000, the limit of recovery under section 5B of the School Tort Liability Act. Ill. Rev. Stat. 1963, chap. 122, par. 825.

We granted leave to appeal, and the principal issue presented is whether the provisions of sections 3 and 4 of the School Tort Liability Act (Ill. Rev. Stat. 1963, chap. 122, pars. 823 and 824) requiring the giving of written notice of injury within six months of the date of injury, are binding on minor claimants. The amended complaint is silent as to the giving of notice, but specifically alleges the plaintiff's age as 13 years as of the date of the occurrence on January 18, 1960.

Section 3 provides: "Within six months from the date that such injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against any school district for damages

on account of any injury to his person or property shall file in the office of the school board attorney, if there is a school board attorney, and also in the office of the clerk or secretary of the school board, either by himself, his agent or attorney, a statement in writing signed by himself, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any.

"With respect to non-profit private schools the statement in writing required hereunder shall be filed in the office of the Superintendent or Principal of such school."

Section 4 provides: "If the notice provided by Section 3 is not filed as provided therein, any such civil action commenced against any school district or non-profit private school shall be dismissed and the person to whom any such cause of action accrued for any personal injury or property damage shall be forever barred from further suing."

Defendant urges that the enactment of the School Tort Liability Act in 1959 was in response to the abolition by this court of the doctrine of governmental immunity as to school districts in *Molitor* v. *Kaneland Community Unit Dist.* 18 Ill.2d 11, and created a new cause of action subject to the conditions precedent prescribed in the act. Thus defendant contends that the instant situation parallels dramshop and wrongful death actions, in both of which we have held that the time fixed for filing suit is a condition of liability. *Lowrey* v. *Malkowski,* 20 Ill.2d 280; *Wilson* v. *Tromly,* 404 Ill. 307.

However, we specifically stated in *Molitor,* 18 Ill.2d 11, 25: "The doctrine of school district immunity was created by this court alone. Having found that doctrine to be unsound and unjust under present conditions, we consider that we have not only the power, but the duty, to abolish

that immunity." It is apparent, therefore, that the act in question creates no new cause of action, but does impose certain limitations upon the right to recover.

Moreover we agree with the appellate court that the language of section 3 is virtually identical with the notice-of-claim provision of the Cities and Villages Act (Ill. Rev. Stat. 1961, chap. 24, par. 1—4—2), which statute, with only minor changes, is the same today as at the time of enactment in 1905. In 1918, this court in *McDonald* v. *City of Spring Valley,* 285 Ill. 52, held the notice provision of the Cities and Villages Act not applicable to minors, and this case has been followed without exception since. (See *Doerr* v. *City of Freeport,* 239 Ill. App. 560; *Sobieski* v. *City of Chicago,* 234 Ill. App. 382; *Carlson* v. *Village of Glen Ellyn,* 21 Ill. App. 2d 335.) It is apparent to us that the legislature in enacting section 3 of the School Tort Liability Act was aware of our holding in *McDonald,* and therefore must have intended that section not to be applicable to minor claimants. If notice were to be required of a minor who cannot make a legally binding appointment of an agent or attorney, the legislature could have provided for notice by a next friend or legal guardian, but it has not seen fit so to provide.

We therefore hold that sections 3 and 4 of the School Tort Liability Act are not applicable to or binding upon the minor plaintiff here.

Defendant's remaining contention that the complaint fails to allege any facts giving rise to a cause of action is adequately disposed of by the appellate court, and we hold the amended complaint meets the requirements of sections 31 and 33 of the Civil Practice Act. Ill. Rev. Stat. 1963, chap. 110, pars. 31, 33.

Plaintiff sought by his answer to defendant's brief to question the constitutionality of section 5B which limits the recovery to $10,000. This issue is not presently available since the question was not before the trial court and plain-

tiff originally waived any constitutional argument by his motion to transfer the cause to the appellate court, nor did plaintiff thereafter attempt to review the decision by that court directing the reduction of the *ad damnum* from $40,000 to $10,000. We therefore hold the plaintiff has waived his right to be heard on the question of constitutionality of the act or of any of its provisions.

We therefore affirm the judgment of the Appellate Court, First District.

*Judgment affirmed.*