PATRICIA DEMCHUK, Conservator of the Estate of Richard Demchuk, Sr., *et al.*, Plaintiffs-Appellants, *v.* MICHAEL DUPLANCICH *et al.*, Defendants.— (MANNY PERL'S, INC., *et al.*, Defendants-Appellees.)

First District (4th Division)    No. 80-699

Opinion filed May 14, 1981.—Rehearing denied June 25, 1981.

Michael D. Schlesinger, of Robbins, Coe, Rubinstein & Shafran, of Chicago, for appellants.

John R. Stanton, of Keineke, Burke & Healy, of Chicago, for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

On January 5, 1977, plaintiffs, Patricia Demchuk, individually and as conservator of the estate of Richard Demchuk, Sr., and Richard Demchuk, Jr., filed a complaint in the circuit court of Cook County against Michael Duplancich for negligence in operation of a motor vehicle that caused injuries to Richard Demchuk, Sr., and Richard Demchuk, Jr., on July 7, 1976. On April 15, 1977, plaintiffs filed an amended complaint adding Eli Boskovich, individually and doing business as Pershing Liquors, and Maurice Valenti as defendants under the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 135). On October 19, 1977, plaintiffs filed a first amended count III to the complaint adding Boskovich and Company as an additional party defendant.

On March 8, 1979, plaintiffs filed an amended complaint, count IV,

adding Manny Perl's, Inc., and/or First National Bank of Cicero, Trustee, under Trust No. 1260, as owner of the tavern located at 5647 West 35th Street, Cicero, Illinois, which tavern sold alcoholic beverages to defendant Duplancich. Plaintiffs also added Patrick T. LaCava as a defendant for negligently operating a motor vehicle. On May 29, 1979, defendants Manny Perl's, Inc., and First National Bank of Cicero moved for dismissal of count IV because suit was not filed within 1 year of the occurrence as required under the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 135).

On February 15, 1980, the motion to dismiss was granted to defendant's Manny Perl's, Inc., and First National Bank of Cicero. On March 12, 1980, plaintiffs filed notice of appeal.

On appeal, plaintiffs present for review the issue of whether the 1-year limitations period of the Dramshop Act is tolled during minority and incompetency. We find it does, and we reverse and remand.

Plaintiffs initially filed a two-count complaint against Michael Duplancich alleging negligence and willful and wanton conduct arising out of Duplancich's operation of a motor vehicle on July 7, 1976. On that date, at approximately 6:30 p.m., the automobile driven by defendant Duplancich collided with the motor vehicle driven by Richard Demchuk, Sr. As a result of this collision, Richard Demchuk, Sr., sustained severe injury to diverse portions of his body and remained unconscious for approximately 1 month. He was adjudicated an incompetent on November 18, 1976. Plaintiff Richard Demchuk, Jr., a minor, also sustained serious injury to his body.

Plaintiffs discovered that defendant Duplancich had purchased and consumed a quantity of beer at a tavern, the identity of which was unknown to plaintiffs. Plaintiffs served a motion to accelerate discovery on Duplancich. Prior to the hearing, counsel for Duplancich produced him for the discovery deposition. Defendant Duplancich stated that he purchased beer at Pershing Liquors, where he regularly bought beer without proof of identification, although he was under the required age.

Due to defendant Duplancich's testimony, plaintiffs added, as additional party plaintiffs, Patricia Demchuk as mother and next friend of Michael Demchuk and James Demchuk, minor dependents of Richard Demchuk, Sr. Plaintiffs filed an amended complaint against Eli Boskovich, individually and doing business as Pershing Liquors, and Maurice Valenti under the Dramshop Act within 1 year of the occurrence. Later, Boskovich and Company was added as a party defendant.

Russell Barone was a passenger in the vehicle driven by defendant Duplancich. Barone's action for personal injuries against Duplancich was consolidated with this case. At Barone's discovery deposition, he stated that Duplancich purchased beer at a tavern known as Manny Perl's, Inc.,

in Cicero, and not at Pershing Liquors, as Duplancich had previously stated.

Plaintiffs, on March 8, 1979, filed count IV of their amended complaint, naming Manny Perl's, Inc., and First National Bank of Cicero, trustee under trust No. 1260. These defendants filed a motion to dismiss count IV because it was filed more than 1 year after the occurrence. The motion to dismiss was granted by the trial court.

Plaintiffs contend that the 1-year limitations period of the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 135) is tolled during minority and incompetency. Additionally, plaintiffs argue that public policy of the State prevents the 1-year limitations from barring an action by a minor or incompetent. Defendants respond that the Dramshop Act created remedies which were unknown at common law. Accordingly, the 1-year time element is not a statute of limitations but, rather, an integral part of the right, a condition precedent created by statute.

Although defendants are correct in their statements that the right to recovery from dramshop owners and operators did not exist at common law, that it is a creature of statute, and that the limitations provision in the Dramshop Act is a condition precedent to the bringing of the action, it does not follow that the claims of the minor plaintiffs are barred. See *Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784.

The question whether limitations provisions are applicable to claims of minors and incompetents has been considered with reference to other statutes. In *McDonald v. City of Spring Valley* (1918), 285 Ill. 52, 120 N.E. 476, the court held that a statute requiring written notice within 6 months after an injury by any person intending to sue a city does not apply to a minor who is incompetent to give such notice. The statute was construed as having been passed with due regard to the established rules of law for the protection of incompetent persons. *McDonald* has been consistently followed. Later, in *Walgreen Co. v. Industrial Com.* (1926), 323 Ill. 194, 153 N.E. 831, the court decided that the unqualified term, "incompetent," included a minor. Therefore, the 6-month period for filing claims under the Workmen's Compensation Act did not begin to run against the minor employee until a guardian had been appointed for him. Finally, *Haymes v. Catholic Bishop of Chicago* (1965), 33 Ill. 2d 425, 211 N.E.2d 690, held that sections 3 and 4 of the School Tort Liability Act, insofar as it bars suit against schools for personal injury or property damage where the claim is not filed within 6 months of the date of injury, are not applicable to minors. This provision had previously been construed as barring minors from filing suit after the 6-month limitations period.

Defendants argue that the decision in *Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 170 N.E.2d 147, mandates that the present action involving

minor plaintiffs is required to be filed within 1 year next after the cause of action accrued. We are aware of the *Lowrey* decision, which is contrary to *Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784.

■■ We will follow the recent decision of *Wilbon*. Although *Wilbon* concerns the Wrongful Death Act, it is applicable to an action under the Dramshop Act. In *Wilbon*, the court found that in a wrongful death action, the 2-year limitations contained in the Wrongful Death Act does not begin to run against a minor until majority. Before reaching its decision, the court reviewed the holdings of *McDonald, Haymes, Walgreen* and others. *Wilbon* agreed with the long-established recognition of the special status of minors in the law. It concluded that a minor should not be precluded from enforcing his rights unless clearly debarred from so doing by some statute or constitutional provision. (*Wilbon*, at 70.) In the instant case, there is no language in the statute or a constitutional provision which distinctly restricts the right of a minor or incompetent to file an action under the Dramshop Act after the 1-year limitations period.

■■ We find that the 1-year limitations period in the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 135) is not a condition precedent barring the claims of these minor plaintiffs. In so doing, we are adding to the burial of a much criticized concept that was contrary to the protection of the rights of minors and incompetents.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded.

Reversed and remanded.

LINN, J., concurs.

Mr. PRESIDING JUSTICE ROMITI, dissenting:

The issue before us has been squarely decided by our supreme court in *Lowrey v. Malkowski* (1960), 29 Ill. 2d 280, 170 N.E.2d 147, *cert. denied* (1961), 365 U.S. 879, 6 L. Ed. 2d 191, 81 S. Ct. 1029. Because I cannot agree with my colleagues that *Lowrey* was somehow overruled *sub silentio* by *Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784, I must respectfully dissent.

*Lowrey* involved a suit under the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 135), brought by a plaintiff on her own behalf and on behalf of two minor children. The suit was not brought within the one-year period specified in the statute. On appeal of the dismissal of the suit our supreme court noted that the one-year provision was a special limitation upon a

statutory cause of action and thus was distinguishable from general statutes of limitation which had applied to the Act prior to a 1955 amendment. The court held:

"The Appellate Courts of this State have consistently held this special limitation of the Liquor Control Act applicable to minor plaintiffs. (*Shelton v. Woolsey*, 20 Ill. App. 2d 401, 405, 156 N.E.2d 241; *Steiskal v. Straus*, 3 Ill. App. 2d 479.) The United States Court of Appeals for the 7th Circuit also specifically found that the special limitation of the Liquor Control Act is applicable to minors in *Seal v. American Legion Post No. 492*, (7 Cir.) 245 F.2d 908. Because of the plain language of the act, and the evident purpose of the limitation, we agree with the foregoing authorities. We know of no such compelling reason that should induce this court to engraft an exception onto the plain language of the act. We, therefore, hold that the present action involving minor plaintiffs, was required to be filed 'within one year next after the cause of action accrued.' " (*Lowrey*, 20 Ill. 2d 280, 284, 170 N.E.2d 147, 150.)

In so ruling, the court was applying the well-established rule that where a statute creating a right unknown at common law restricts the time within which it may be utilized, the time element is considered to be a condition of the existence of the statutorily created right rather than a statute of limitation. (*Smith v. Towman* (1938), 368 Ill. 414, 14 N.E.2d 478; *Super Valu Stores, Inc. v. Stompanato* (1970), 128 Ill. App. 2d 243, 261 N.E.2d 830.) Properly analyzed, *Wilbon* does not represent a departure from this rule. Rather, the court in *Wilbon* called into question the assumption that wrongful death actions were nonexistent at common law. The court cited with apparent approval *Gaudette v. Webb* (1972), 362 Mass. 60, 284 N.E.2d 222, in which the Supreme Judicial Court of Massachusetts, the first Amercian jurisdiction to adopt the English rule barring such claims. (*Carey v. Berkshire R. R. Co.* (1848), 55 Mass. 475; see Annot. 61 A.L.R.3d 906 (1975)), held that wrongful death actions did have common law origins. The *Wilbon* court also extensively cited cases and commentators harshly critical of the theoretical basis for denying such claims at common law.

It was only in this context of disapproval if not disavowal of the common law origins of the rule barring wrongful death actions that the *Wilbon* court took the step to which the majority in this case now leaps, that of considering public policy grounds for excepting minors (and incompetents as well in this cause) from the application of the statutory limitation period. Yet in this cause the parties concede that the statute

with which we are concerned is without question solely a creature of statute. We have been presented with no basis for questioning or criticizing this fact, which I believe represents a crucial distinction from *Wilbon*. Indeed, I believe that the *Wilbon* court recognized this distinction when it cited *Lowrey* but noted that *Lowrey* involved the Dramshop Act.

Three other cases are cited by the majority in support of their decision. *McDonald v. City of Spring Valley* (1918), 285 Ill. 52, 120 N.E. 476, did not directly address the question of whether the statute at issue in that case created a right unknown at common law. *Walgreen Co. v. Industrial Com.* (1926), 323 Ill. 194, 153 N.E. 831, construed a statutory limitation period which expressly excepted incompetents. The *Walgreen* court simply construed the term incompetents to include minors. And in *Haymes v. Catholic Bishop of Chicago* (1965), 33 Ill. 2d 425, 211 N.E.2d 690, the court held that the statute in question did not create a new cause of action, thus distinguishing it from dramshop actions and, under then established case law, wrongful death actions. Thus I do not find that any of these cases control our decision.

For these reasons I can find no basis for this court to question the continuing validity of *Lowrey*, a decision that our legislature, which has amended the Dramshop Act on numerous occasions in the interim, has chosen not to disturb.