ARVADA GIRMAN, Adm'r of the Estate of George R. Girman, Deceased, Plaintiff-Appellee, v. THE COUNTY OF COOK, Defendant-Appellant.

First District (5th Division)    No. 81-0244

Opinion filed December 31, 1981.

Richard M. Daley, State's Attorney, of Chicago, (Jane Clark Casey and Robert J. Tonos, Assistant State's Attorneys, of counsel), for appellant.

Benjamin and Shapiro, Ltd., of Chicago (Fred I. Benjamin, of counsel), for appellee.

JUSTICE WILSON delivered the opinion of the court:

Defendant Cook County brought this permissive interlocutory appeal from an order denying its motion to dismiss plaintiff's wrongful death action. The basis for defendant's motion was that plaintiff, as administrator of the decedent's estate, had failed to comply with the requisite 1-year notice requirement of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, pars. 8—102 and 8—103). Consequently, plaintiff is alleged to be barred from maintaining the wrongful death action. The trial court denied the motion to dismiss, holding that the presence of two minor beneficiaries of the wrongful death action excused the notice requirement of the Local Governmental and Governmental Employees Tort Immunity Act. Defendant then filed for leave to appeal from that interlocutory order, which we granted, pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308). We affirm.

Plaintiff filed her wrongful death complaint on September 8, 1980, within 2 years after the accrual of the cause of action. The only issue of this appeal is whether the wrongful death action against the county is absolutely barred by plaintiff's failure to serve the county with notice

within the 1-year period required by the Local Governmental and Governmental Employees Tort Immunity Act, or, whether the 1-year period is tolled as to the minor beneficiaries of the action. Notice provisions of the Local Governmental and Governmental Employees Tort Immunity Act provide, in pertinent part:

"Within 1 year from the date that the injury or cause of action * * * was received or accrued, any person who is about to commence any civil action for damages on account of such injury * * * must serve * * * a written notice on the Secretary or Clerk, as the case may be, for the entity against whom * * * the action is contemplated * * *."

"If the notice * * * is not served as provided * * *, any such civil action * * * shall be dismissed and the person to whom such cause of injury accrued shall be forever barred from further suing." Ill. Rev. Stat. 1979, ch. 85, pars. 8—102 and 8—103.

Defendant urges us to construe the "plain language" of the Act to bar the wrongful death action because the plaintiff never served the county with the required 1-year notice. Plaintiff takes the position, however, that the 1-year provision of the Act is inapplicable because two of the three beneficiaries of the wrongful death action are minors. (Plaintiff is the third beneficiary.)

To put the issue in its proper perspective, we first note that statutes of limitations are generally tolled during a plaintiff's infancy, mental incompetency, or imprisonment. (Ill. Rev. Stat. 1979, ch. 83, par. 22.) In the case of minors who are not legally competent to bring actions directly, the courts have recognized that the enforcement of a child's rights should not "be left to the whim or mercy of some self-constituted next friend." (*McDonald v. City of Spring Valley* (1918), 285 Ill. 52, 56, 120 N.E. 476, 478; see also *Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784.) *McDonald* involved a governmental immunity provision similar to the one in issue. The statute required any person bringing a personal injury action against a city, village, or town to give written notice to the city within 6 months. Although the supreme court had earlier construed this notice requirement as being mandatory and a condition precedent to the right to bring suit (*Erford v. City of Peoria* (1907), 229 Ill. 546, 82 N.E. 374, overruled in *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 295-96, 348 N.E.2d 176, 181), in *McDonald* the the court held that the action of a minor was not barred by the failure to give notice. See also *Haymes v. Catholic Bishop of Chicago* (1965), 33 Ill. 2d 425, 211 N.E.2d 690 (notice requirement of the School Tort Liability Act was not binding on minor plaintiffs); *cf. Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 170 N.E.2d 147 (suit filed pursuant to Liquor Control Act was barred, even as to minors, by the failure to comply with the time limitation of the act because such

time period was held to be a special limitation upon a purely statutory cause of action).

These cases, particularly *McDonald*, support the trial court's judgment in denying defendant's motion to dismiss. Defendant, however, contends that the pending case is controlled by *Addison v. Health & Hospital Governing Com.* (1977), 56 Ill. App. 3d 533, 371 N.E.2d 1060. In *Addison*, the administrator of an estate brought an action against a hospital to recover damages for the wrongful death of her daughter. The trial court granted defendant hospital's motion to dismiss the complaint because of the administrator's failure to comply with the applicable 1-year notice provision of the Local Governmental and Governmental Employees Tort Immunity Act. The appellate court affirmed despite plaintiff's contention that the only beneficiary of the wrongful death action would be the minor child of the decedent. In attempting to distinguish such cases as *McDonald* and *Haymes*, the court stated that those cases are based on the theory that an exception for minors is necessary "to protect the minor's interest and preserve his day in court." (56 Ill. App. 3d 533, 535, 371 N.E.2d 1060, 1062.) The court then held that the right of action for wrongful death "accrued not to the minor beneficiary, but to the adult administrator." (56 Ill. App. 3d 533, 535, 371 N.E.2d 1060, 1062.) The court's reasoning indicates that since the burden of bringing suit rested solely upon the estate's administrator, that party's failure to comply with the 1-year notice provisions of the Local Governmental and Governmental Employees Tort Immunity Act necessarily barred the prosecution of the wrongful death action.

We find the *Addison* decision inapposite. The Illinois Supreme Court, a year after *Addison*, rejected the theory that a wrongful death action with minor beneficiaries is barred by an adult administrator's failure to file the action within the 2-year limit of the Act. (*Wilbon v. D. F. Bast Co., Inc.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784.) In *Wilbon* the administrator of an estate failed to timely file a wrongful death complaint against a private trucking company. The supreme court first reviewed and then disapproved the antecedents which had led to the prevailing view that wrongful death actions had no basis in common law. The court then adopted the position that the 2-year limitation period of the Wrongful Death Act, as a limitation upon the remedy rather than the right of action, did not extinguish the minor beneficiaries' right to relief, notwithstanding the estate administrator's failure to timely file the action.

In light of *Wilbon*, defendant's contention that the pending action is barred must be rejected. Although *Wilbon* did not involve an issue of governmental tort immunity, the supreme court did cite with approval its earlier decisions in *Haymes* and *McDonald*. As we have discussed, both of these cases held that notice requirements in immunity statutes similar to

the instant one were inapplicable to minor plaintiffs. Consequently, these cases are dispositive on the construction of the Local Governmental and Governmental Employees Tort Immunity Act's notice provisions.

We further note that cases decided after the *Wilbon* decision have continued to uphold the policy that protects minors from being deprived of an adjudication of their rights through no fault of their own. Thus, in *Demchuk v. Duplancich* (1981), 96 Ill. App. 3d 740, 422 N.E.2d 22, we held that the 1-year limitation on dramshop actions (compliance of which is a condition precedent to bringing the action) is inapplicable to the claims of minor plaintiffs during their minority. In *Serafini v. Chicago Transit Authority* (1979), 74 Ill. App. 3d 738, 393 N.E.2d 1120, a case involving application of the 1-year limitation in the Metropolitan Transit Authority Act, we held that when a minor plaintiff is injured by the CTA's alleged negligence, he can bring the action within 1 year from the date of injury or 1 year from the date of attaining majority.

In conclusion, to be consistent with these cases that preserve meritorious claims of minors who lack legal capacity to sue, we must hold that the plaintiff/administrator in the pending case can prosecute the wrongful death action for the benefit of the 2 minor beneficiaries. Therefore, we affirm the trial court's order denying defendant's motion to dismiss.

Affirmed.

LORENZ and MEJDA, JJ., concur.