George THOMPSON, Plaintiff,

v.

Rudy ULDRYCH, et al., Defendants.

No. 84 C 10372.

United States District Court,
N.D. Illinois, E.D.

March 12, 1986.

George Thompson, pro se.

Robert J. Dargis, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Defendant Rudy Uldrych moves to dismiss count II of plaintiff George Thomas' complaint because he did not file a timely notice of claim upon defendant as required under Ill.Rev.Stat. ch. 85, ¶¶ 8–102 and 8–103.[1] Since plaintiff is a prisoner, which tolls the notice provision, the motion is denied.[2]

Plaintiff seeks to hold three Chicago police officers responsible for injuries he maintains that he suffered during an arrest. For purposes of a motion to dismiss, this court takes all of the facts alleged in the complaint as true. A security guard called the defendants to a Jewel store where plaintiff was being held. Plaintiff was handcuffed and held in a rear room for the alleged attempted robbery of one Ms. Muzzell. When defendants entered the room the security guard removed the handcuffs and one of the defendants then handcuffed plaintiff.

Plaintiff claims that while he was restrained the husband and son of Ms. Muz-

---

1. These provisions, which are part of the Illinois Governmental Tort Immunity Act, Ill.Rev.Stat. ch. 85, read as follows:

   Section 8–102 (1973)
   Notice of Injury
   Within 1 year from the date that the injury or cause of action, referred to in Sections 8–101, 8–102 and 8–103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must serve, either by personal service or by registered or certified mail, return receipt requested, a written notice on the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving in substance the following information: the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any.

   Section 8–103 (1965)
   Effect of Failure to Serve Notice
   If the notice under Section 8–102 is not served as provided therein, any such civil action commenced against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, shall be dismissed and the person to whom such cause of injury accrued shall be forever barred from further suing.

2. Defendant also has failed to file a memorandum of law in support of his motion to dismiss in violation of Local Rule 13, which provides this court with an alternative ground on which to deny the motion.

zell entered the room, identified themselves and spoke to defendants about several police officers they knew in common. While defendants were present in the room, plaintiff states that defendants allowed Mr. Muzzell to threaten him and beat him continuously for twenty to twenty-five minutes.

Further, plaintiff alleges that defendants did not interfere with the beating. Rather, during the beating defendants asked plaintiff for information about drug sales and unsolved street crimes. Then defendants placed plaintiff in an unmarked police car and drove him through the West Side of Chicago. The officers again asked plaintiff for information about street crimes and threatened him with further punishment by Mr. Muzzell if he did not offer any additional information or give the police officers any names. Plaintiff says that he gave the police the name of someone he knew was in jail at the time.

After the drive through the neighborhoods the police took plaintiff to the 11th District Police Station. There he was allegedly told, before leaving the car, that if he told anyone about the beating by Mr. Muzzell he would not be alive to attend court the following day. Plaintiff claims that he did not receive any medical treatment for his injuries until the next evening at Cook County Jail. He did not tell anyone of the incident until an interview with Maurice Ford of the Office of Professional Standards of the Chicago Police Department.

Plaintiff's complaint, filed *pro se,* alleges two counts. The first count, which is not at issue for purposes of this motion, is an action under 42 U.S.C. § 1983 for violation of plaintiff's constitutional rights. Count II is a pendent state law claim for assault and battery, as well as for a violation of the regulations of the Chicago Police Department with respect to the lawful use of force. The count alleges that the defendants allowed the plaintiff to be beaten and severely assaulted while the plaintiff was physically restrained and in defendants' care and custody.

Defendant Uldrych seeks to dismiss count II of plaintiff's complaint because he did not comply with the notice provisions of the Illinois Governmental Tort Immunity Act. Unless otherwise tolled, a notice must be filed with the clerk of a municipal body within one year of the injury. Ill.Rev. Stat. ch. 85, ¶ 8–102. In order for a claim against that body to be valid, the notice must contain specific information about the claim such as the date, time, location, and general nature of the accident or injury. Plaintiff did not mail by registered or certified mail or personally file a written signed notice of his injury with the City Clerk of the City of Chicago.

The notice provisions of the Illinois Governmental Tort Immunity Act were intended to provide for the timely investigation and settlement of tort claims against local municipal bodies and their employees. *See King v. Johnson,* 47 Ill.2d 247, 265 N.E.2d 874 (1970). Frequently Illinois courts have strictly construed the notice requirements, dismissing complaints where the notice contained typographical errors, *Smith v. City of Chicago,* 92 Ill.App.3d 247, 416 N.E.2d 20, 48 Ill.Dec. 125 (1st Dist.1980); for failure to include plaintiff's address in the notice, *Ramos v. Armstrong,* 8 Ill.App.3d 503, 289 N.E.2d 709 (3d Dist.1972); where notice was not properly served on the City Clerk, *People ex rel. Department of Transportation v. City of Chicago,* 36 Ill. App.3d 712, 344 N.E.2d 688 (1st Dist.1976); or where the notice was served on the wrong municipal office, *Repaskey v. Chicago Transit Authority,* 60 Ill.2d 185, 326 N.E.2d 771 (1975).

In a recent decision following Illinois law and strictly construing the requirements of the Illinois Governmental Tort Immunity Act, Judge Aspen dismissed a pendent state law claim because the plaintiff there had failed to comply with the service of notice provisions. *Cain v. City of Chicago,* 619 F.Supp. 1228 (N.D.Ill.1985). In reaching its decision, the court felt bound to strictly construe the Illinois Governmental Tort Immunity Act, as it had in *Mui v. Dietz,* 559 F.Supp. 485 (N.D.Ill.1983). In *Mui,* the court also granted a defendant's

motion to dismiss a pendent state law claim for false arrest, malicious prosecution and assault and battery, when the plaintiff served the required notice on the Police Department instead of the City Clerk. *Cain,* 619 F.Supp. at 1232.

Plaintiff, however, argues that he should be excused from strict compliance with the notice provision because he is a prisoner. Indeed, he has been in confinement continuously since the cause of action accrued. This court finds no Illinois case directly on point, but in analogous situations Illinois courts have agreed with him.

First, Illinois courts have construed the notice provision at issue here as a statute of limitations. *Girman v. County of Cook,* 103 Ill.App.3d 897, 431 N.E.2d 1291, 59 Ill.Dec. 534 (1st Dist.1981). Its context indicates that it is. The paragraph which immediately precedes the notice provision, Ill.Rev.Stat. ch. 85, ¶ 8–101, is a maximum two-year limitation period for any action brought against a local entity. In *Girman,* the plaintiff's action against an Illinois county had been timely filed under paragraph 8–101, but he had never served the county with the notice required by paragraph 8–102. The court held that the notice provision is a statute of limitations. The same factors which would toll a statute of limitations would also excuse a failure to give paragraph 8–102 notice. *Girman,* 103 Ill.App.3d at 898, 431 N.E.2d at 1292, 59 Ill.Dec. at 535. *See also Haymes v. Catholic Bishop of Chicago,* 33 Ill.2d 425, 211 N.E.2d 690 (1965).

Tolling provisions are an essential part of a limitations scheme. *See, e.g., Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). They exist because "justice would not be served by barring an individual from vindicating his rights when he cannot by his own actions comply with the statute's time limit for bringing his suit." *Hurst v. Hederman,* 451 F.Supp. 1354, 1354 (N.D.Ill.1978)

(construing Illinois statute of limitations and tolling provisions). *See also Duncan v. Nelson,* 466 F.2d 939 (7th Cir.1972) (also construing Illinois tolling provisions and statute of limitations).

Many jurisdictions have tolled their statutes of limitations for prisoners. Since the state has restricted a prisoner's liberty, he cannot by his own actions comply with all the procedural requirements for a lawsuit. For example, Illinois prisoners who bring federal civil rights actions under 42 U.S.C. § 1983 are excused from the notice provisions of the Illinois Governmental Tort Immunity Act as a matter of federal law. *Luker v. Nelson,* 341 F.Supp. 111 (N.D.Ill. 1972); *see also Firestone v. Fritz,* 119 Ill. App.3d 685, 456 N.E.2d 904, 75 Ill.Dec. 83 (2d Dist.1983); *Tedder v. Fairman,* 93 Ill. App.3d 948, 418 N.E.2d 91, 49 Ill.Dec. 447 (4th Dist.1981) (*citing Luker* with approval, and reversing a judgment dismissing a prisoner's petition for failure to file a timely claim).

Illinois is a jurisdiction that tolls its statutes of limitations for prisoners. Ill.Rev. Stat. ch. 110, ¶ 13–211 tolls limitation periods for minors, those legally disabled, and those imprisoned on a criminal charge.[3] The statute allows such persons to bring an action up to two years after achieving majority, up to two years after the disability is removed, or up to two years after release from prison. Plaintiff here is imprisoned on a criminal charge and therefore is covered by this statute.

Illinois courts have applied this statute to toll notice provisions for minors. In *Haymes,* the Illinois Supreme Court held that a notice requirement in the School Tort Liability Act, similar in language and function to paragraph 8–102, did not apply to bar the suit of a plaintiff who was a minor. The *Girman* court, following the logic of and the decision in *Haymes,* refused to dismiss a wrongful death action

---

3. Ill.Rev.Stat. ch. 110, § 13–211 (1982).
   Minors and Persons Under Legal Disability
   If the person entitled to bring an action, specified in Sections 13–201 through 13–212 of this Act, at the time the cause of action

accrued, is under the age of 18 years, or under legal disability, or imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed.

against Cook County involving two minor beneficiaries, even though the administrator of the estate, who was the nominal plaintiff, had never served the County with paragraph 8–102 notice. Citing Ill.Rev. Stat. ch. 83, ¶ 22, the statute which (in identical language) now appears at ch. 110, ¶ 13–211, the court held that the two minor beneficiaries of the estate could still sue despite the failure of notice. 103 Ill.App. at 900, 431 N.E.2d at 1294, 49 Ill.Dec. at 537.

This court finds that these decisions compel the same result when a prisoner seeks to toll the notice requirement of paragraph 8–102. Though no Illinois court has dealt with the precise question, Illinois precedent says that the notice requirement can be tolled for persons under a legal disability, and an Illinois court has used the tolling statute to excuse lack of paragraph 8–102 notice for other persons within the scope of the tolling statute's coverage. Prisoners are expressly within the scope of the tolling statute. The plaintiff here is a prisoner. Therefore, the tolling statute, Ill.Rev. Stat. ch. 110, ¶ 13–211, allows plaintiff's action in spite of the lack of ¶ 8–102 notice.

Defendant's motion to dismiss plaintiff's count II for lack of notice to the City Clerk is denied.