Leshurn HUNT, Plaintiff,

v.

Allen JAGLOWSKI; Daniel Noon; Reynaldo Guevara, Russell Weingart; William Kaupert; Nick Gaudio; Alfred Petrocelli, in their individual and official capacities; and the City of Chicago, a municipal corporation, Defendants.

No. 85 C 1976.

United States District Court,
N.D. Illinois, E.D.

July 21, 1987.

John S. Elson, Edward W. Feldman, Carl Flanigan, Chicago, Ill., for plaintiff.

Judson H. Miner, Corp. Counsel, Wayne B. Addis, James P. McCarthy, Asst. Corp. Counsels, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Plaintiff LeShurn Hunt alleges various constitutional violations and common law torts arising out of his arrest and interrogation in February, 1983 by several Chicago police officers and an assistant state's attorney of Cook County. The case comes before the court on the motion of defendants Jaglowski, Noon, Guevara, Weingart, Kaupert, Gaudio ("the police defendants"), and the City of Chicago to dismiss Counts II–VIII and X–XIV of the complaint. Plaintiff agrees to the dismissal of Count II.

## COUNTS III–VII

Defendants' arguments against Counts III–VII, which state claims under 42 U.S.C. § 1983, border on the frivolous and deserve scant comment. Count III alleges that the police defendants forcibly extracted a confession from Hunt. This circuit has held at least twice that such conduct is actionable under § 1983. *Duncan v. Nelson*, 466 F.2d 939, 944–45 (7th Cir.1972); *Kerr v. City of Chicago*, 424 F.2d 1134, 1138 (7th Cir.1970). *Accord, Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir.1987).

Count IV alleges that the police defendants infringed Hunt's Fourth and Fourteenth Amendment rights by holding him more than 24 hours without a hearing while they sought to build a case against him. Count IV states a claim under § 1983 because police officers may not detain a suspect without a hearing solely for that purpose, *Llaguno v. Mingey*, 763 F.2d 1560, 1568 (7th Cir.1985), nor may they detain him without a hearing for longer than reasonably necessary to complete the administrative steps incident to arrest, *Gramenos v. Jewel Companies, Inc.*, 797

F.2d 432, 437 (7th Cir.1986); *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1351–52 (7th Cir.1985); *Lewis v. Tully*, 660 F.Supp. 293, 296–97 (N.D.Ill.1987) (Duff, J.).

■ Counts V and VI allege that the police defendants violated Hunt's Fourth Amendment rights by arresting him in his home and searching his residence without a warrant. The Supreme Court has held that in the absence of exigent circumstances a warrantless entry into a suspect's home to make an arrest or conduct a search violates the Fourth Amendment, even if the police have probable cause. *Welsh v. Wisconsin*, 466 U.S. 740, 748–49, 104 S.Ct. 2091, 2096–97, 80 L.Ed.2d 732 (1984); *Payton v. New York*, 445 U.S. 573, 590, 100 S.Ct. 1371, 1382, 63 L.Ed.2d 639 (1980). Counts V and VI therefore state claims for relief under § 1983.

■ Count VII alleges that the police defendants acted with racial animus in committing the previously alleged infringements of Hunt's rights, therefore depriving him additionally of his rights under the Thirteenth and Fourteenth Amendments and giving rise to a cause of action for damages under § 1983. Defendants' sole objection to Count VII is that it asserts a direct cause of action under the Thirteenth and Fourteenth Amendments, rather than a cause of action under § 1983. Page two of the complaint makes it clear defendants are wrong; Count VII seeks relief under § 1983.

## COUNT VIII

■ Count VIII alleges that the police defendants acted with racial animus in depriving Hunt of his civil rights, thereby giving rise to a cause of action under 42 U.S.C. § 1981. Defendants offer two arguments against Count VIII: first, that it is duplicative of Count VII and should be dismissed because a plaintiff may not recover twice for the same wrong; and second, that it fails to allege facts supporting an inference that defendants acted with racial animus. (Defendants' second objection to Count VIII seems strange in view of their failure to object to the substantially similar allegation of racial discrimination in Count VII.)

The first argument fails. Counts VII and VIII arise under different statutes requiring different proofs. Defendants cite no authority in support of their assertion that a plaintiff may not sue simultaneously under § 1981 and § 1983, and this court finds no basis for such a conclusion.

Defendants' alternative argument is that Count VIII fails to allege racial animus with sufficient particularity. This argument rests on defendants' assertion that the complaint identifies only defendant Jaglowski as having made racially biased statements. But this is factually incorrect; paragraph 28 of the complaint, incorporated into Count VIII, specifically accuses defendants Noon, Guevara, Weingart, and Kaupert of racially insulting Hunt.

It is true the complaint fails to attribute any racially baised remarks to defendant Gaudio, but in the context of the complaint as a whole this omission is not fatal to Hunt's § 1981 claim against Gaudio. Assuming the truth of Hunt's factual allegations (as the court must), Gaudio participated with other police officers in a series of violations of Hunt's constitutional rights. Each of those other officers made racially derogatory remarks concerning Hunt during the course of this misconduct, and at least some of those remarks were made in Gaudio's presence. Yet Gaudio not only failed to protect Hunt from this racially motivated misconduct, he joined in it.

■ "Dismissal is improper 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' ... To further this end a court must construe pleadings liberally and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985). Insisting on detailed factual allegations is particularly inappropriate where—as here—an element of a plaintiff's claim concerns the defendant's state of mind. Although the racist remarks of

Gaudio's colleagues provide clear windows into the souls of those officers, the omission of such remarks by Gaudio is inconclusive; a police officer who violates an individual's rights because of his race does not always announce his motive.

Because the factual allegations of Count VIII provide circumstantial evidence from which it is possible to infer that Gaudio violated Hunt's rights because of Hunt's race, Count VIII states a claim against Gaudio under § 1981. *See Briscoe v. La-Hue*, 663 F.2d 713, 723 (7th Cir.1981) (civil rights complaint must be dismissed if it fails to provide an "intimation of *any facts* underlying the claim"). The motion to dismiss is denied with respect to Count VIII.

## COUNT X

■ Count X alleges two causes of action: first, that the police defendants and defendant Alfred Petrocelli, an assistant state's attorney for Cook County, Illinois, entered into a racially motivated conspiracy to violate Hunt's constitutional rights, entitling him to damages under 42 U.S.C. § 1985(3); and second, that each of these defendants knowingly failed to prevent his co-conspirators from violating Hunt's rights, entitling Hunt to damages under 42 U.S.C. § 1986. The police defendants challenge Count X on the ground that it fails to allege facts supporting an inference of a racially motivated conspiracy.

A complaint in a § 1985(3) action "must simply plead sufficient facts from which a conspiracy can be inferred; the facts detailing the conspiratorial agreements can be pleaded generally, while those facts documenting the overt acts must be pleaded specifically." *Quinones v. Szorc*, 771 F.2d 289, 291 (7th Cir.1985). That a plaintiff may plead conspiracy generally does not mean that he may stop with asserting its existence:

> It is not sufficient to allege that the defendants merely acted in concert or with a common goal. There must be allegations that the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding. Even were such allegations to

be made, they must further be supported by some factual allegations suggesting such a "meeting of the minds." *Sparkman v. McFarlin*, 601 F.2d 261, 268 (7th Cir.1979) (*en banc*). *See Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir.1982) ("a conspiracy requires factual assertions showing a meeting of the minds").

At the same time, however, a court scrutinizing a conspiracy claim must bear in mind that "each participant in a conspiracy need not know the 'exact limits of the illegal plan or the identity of all participants therein,'" *Hampton v. Hanrahan*, 600 F.2d 600, 624 (7th Cir.1979), and that "[t]he very nature of a conspiracy obscures most, if not all, information about the alleged conspirators' agreement; circumstantial evidence of the conspiracy, particularly regarding the overt acts performed in furtherance of the conspiracy, is all that is ordinarily obtainable before discovery and trial." *Quinones*, 771 F.2d at 291.

*Lenard v. Argento*, 699 F.2d 874 (7th Cir.1983), helps give shape to these somewhat nebulous pleading guidelines. Lenard claimed that Argento, one of two police officers who arrested him for drunk driving, beat him with a nightstick while placing him in a squad car, and that the other officer on the scene, Sansone, referred to him in a racially derogatory manner. Argento drove Lenard to the police station where Argento and two other officers beat Lenard again during the walk from the squad car to the station. There was evidence at trial that Argento racially insulted Lenard both at the scene of the arrest and at the police station.

Lenard sued the four officers under § 1985(2) and (3) for conspiring to violate his civil rights. A jury found that although no beatings took place, Argento and Sansone were liable for damages for conspiracy. The Seventh Circuit sustained the jury's verdict on the conspiracy counts, holding that "[w]hile the evidence does not link Argento and Sansone to all the events of January 31, there was sufficient evidence for a jury to reasonably believe that there was an overt act and circumstancial evidence of an agreement among the police,

particularly Argento and Sansone, to deprive Lenard of his civil rights." 699 F.2d at 883.

Like Lenard, Hunt simply accuses several law enforcement officers of participating in various abuses, and alleges that they did so as members of a conspiracy. Lenard produced at trial no greater evidence of a common plan or meeting of the minds than Hunt has alleged in his complaint, so it is difficult to accept the police defendants' argument that Hunt has not adequately pled their participation in a conspiracy. Because Hunt's allegations suggest the possibility of a conspiracy, *Lenard* compels a conclusion that they are sufficient to withstand a motion to dismiss.

## COUNT XI

■ The City argues that Count XI fails to properly allege that Hunt's injuries resulted from municipal policies or customs. Count XI asserts that the police defendants' warrantless search of Hunt's home and their use of excessive force during his arrest and interrogation occurred as part of a pervasive pattern of similar misconduct by the police defendants and other officers assigned to police Area 5.

To support this allegation that his rights were violated as a result of an unlawful custom, policy, or practice of which the City was or should have been aware, Hunt points to a series of similar incidents involving officers assigned to Area 5. Specifically, he identifies five recent occasions on which the police defendants in this case were accused of undertaking warrantless home searches, and nine recent occasions on which they were accused of using excessive force during arrests and interrogations. Plaintiff also describes a recent case in which unidentified officers in Area 5 coerced a confession from a suspect during the course of a 21-hour detention by depriving him of sleep, denying his repeated requests to see a lawyer, slapping him, and subjecting him to various other unlawful interrogation techniques. These collateral allegations are sufficiently numerous and similar to the allegations involving Hunt that Count XI withstands the City's motion

to dismiss. *See Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir.1986); *Strauss v. City of Chicago*, 760 F.2d 765, 767–69 (7th Cir.1985). The motion to dismiss is denied as to Count XI.

## COUNTS XII–XIV

■ Finally, defendants urge the court to dismiss Counts XII–XIV (which allege pendent claims under Illinois law for assault, battery, and intentional infliction of emotional distress), because plaintiff failed to comply with the notice provisions of Ill.Rev.Stat. ch. 85, ¶ 8–102. Until its repeal in 1986, ¶ 8–102 required persons intending to file personal injury suits against local public entities or their employees to notify those entities of their claims within one year after the claims arose. Failure to do so barred suit on the claims, even if brought within the remaining year of the then-applicable two-year limitations period.

Illinois courts have treated the one-year notification deadline in ¶ 8–102 as a statute of limitations, subject to the same tolling provisions as other statutes of limitations. *Girman v. County of Cook*, 103 Ill.App.3d 897, 59 Ill.Dec. 534, 431 N.E.2d 1291 (1981). Because Illinois law tolls statutes of limitations in personal injury actions for any person who was "imprisoned on a criminal charge" when his cause of action accrued, Ill.Rev.Stat. ch. 110, ¶ 13–211, and because it appears from the record that plaintiff has been in custody since the events giving rise to his cause of action, the notice requirement of ¶ 8–102 does not bar plaintiff's suit. *See Duncan v. Nelson*, 466 F.2d 939, 941–42 (7th Cir.1972); *Thompson v. Uldrych*, 632 F.Supp. 279, 281–82 (N.D. Ill.1986) (Moran, J.). The motion to dismiss is denied with respect to Counts XI–XIV.

## CONCLUSION

Count II is dismissed by agreement of the parties. The remainder of the motion to dismiss is denied, as is defendants' wholly inappropriate request for Rule 11 sanctions—a request that itself is arguably sanctionable, *see Szabo Food Service, Inc.*

*v. Canteen Corp.*, 823 F.2d 1073, 1081–1082 (7th Cir. 1987).