**Jacqueline BROWN, individually and by her mother and next friend, Marsha Thomas, Plaintiffs,**

v.

**Cecil A. PARTEE, Neil Hartigan, Attorney General State of Illinois, Defendants.**

**No. 90 C 02081.**

United States District Court, N.D. Illinois, E.D.

Sept. 17, 1990.

Richard Cohen, Chicago, Ill., for plaintiffs.

James R. Carroll, Roger P. Flahaven, Asst. Attys. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Jacqueline Brown, by her mother Marsha Thomas, has filed this three count action against Cecil A. Partee and Neil Hartigan, the Attorney General of the State of Illinois ("State"). Both Partee and the State have moved to dismiss the action. For the reasons stated below, we grant the motions to dismiss.

At its core, this a paternity suit. Brown alleges that she is the illegitimate child of Partee. In Count II of the complaint, she brings a state law claim contending that Partee is obligated to support her because she is physically and mentally handicapped and is unemancipated. Brown seeks to establish paternity and enforce Partee's obligation to pay for her support, maintenance, education and welfare. The statutory foundation of this claim is the Parentage Act of Illinois, Ill.Rev.Stat. ch. 40, ¶ 2501 *et seq.* ("Parentage Act") and the Illinois Marriage and Dissolution of Marriage Act, Ill. Rev.Stat., ch. 40, ¶ 513.

Although such a paternity action is governed exclusively by state law, Brown attempts to create federal jurisdiction by seeking a declaratory judgment that the limitations provision of the Parentage Act is unconstitutional. That provision provides: "An action brought by or on behalf of a child shall be barred if brought later than two years after the child reaches the age of majority...." Ill.Rev.Stat. ch. 40, ¶ 2508(a)(1). Brown contends that her action is barred by this provision because she has brought it over two years after reaching the age of majority. She maintains, however, that handicapped, unemancipated children whose status at birth is legitimacy and who are two years past the age of majority are not similarly foreclosed from suing for support because they may bring an action under the Illinois Marriage and Dissolution Act. Thus, Brown claims that the statutory scheme for allowing suits for support violates the Equal Protection Clause because it treats legitimate and illegitimate children differently.

In Count III of her complaint, however, Brown alleges that because she "is mentally incompetent, and has been mentally incompetent at all times ... the Statute of

Limitations, *Ill.Rev.Stat.*, 1987 ch. 40, par. 2508(a)(1), otherwise barring such declaration, has been tolled and is still tolled." Complaint, Count III, ¶ 14. Thus, although Brown seeks a declaration that the statute of limitations as applied to illegitimate children violates the equal protection clause, she has taken the position in her complaint that the statute does not affect her claim for support.[1]

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirements imposed by Art III of the Constitution by alleging an actual case or controversy. Plaintiffs must demonstrate a personal stake in the outcome in order to assure that concrete adverseness which sharpens presentation of issues necessary for proper resolution of constitutional questions. Abstract injury is not enough. The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) (citations and quotations omitted).

■ Contrary to Brown's assertion in her responsive memorandum that her paternity suit is now already foreclosed by Section 2508(a)(1), her complaint fails to indicate that any state court has denied Brown the right to bring an action for support. Indeed, as we have pointed out, Brown plainly alleges that the challenged limitations period has been tolled by virtue of her incompetency. Our resolution of the constitutional issue therefore would not benefit Brown because she has not yet been affected by the provision at issue and apparently is not in immediate danger of being affected, since it is not at all certain that her suit, if brought in state court, will be barred by Section 2508(a)(1). *Feit v. Ward*, 886 F.2d 848, 857 (7th Cir.1989); *Matter of Deist Forest Products, Inc.*, 850 F.2d 340, 341 (7th Cir.1988). We therefore find that Brown lacks the requisite standing to challenge the constitutionality of Section 8(a)(1).[2]

■ We further point out that even assuming Brown was presently and unquestionably foreclosed from suing for support and we were to consider her federal claim on the merits,[3] we certainly would decline to exercise pendent jurisdiction over the state law paternity suit. The factual matters and legal issues to be considered and tried in such a proceeding have nothing at all to do with the purported federal constitutional issue regarding whether a particular limitations provision as applied to illegitimate children violates the Fourteenth Amendment. Further, given the strong state interests and particular expertise of the state in administrating its own domestic relations proceedings, we find no countervailing reason why such matters of exclusively state concern should be tried in federal court.

## CONCLUSION

Because Brown lacks standing to assert the federal claim, we grant the motions of Partee and the State to dismiss that claim. Since there is no basis for federal jurisdic-

---

1. Although we make no finding with respect to this issue, the State has offered the legal basis supporting Brown's position: Under Illinois law, statutes of limitation are generally tolled during a plaintiff's infancy, mental incompetence, or imprisonment. *Girman v. County of Cook*, 103 Ill.App.3d 897, 898, 59 Ill.Dec. 534, 431 N.E.2d 1291 (1st Dist.1981). Such tolling has been held applicable to domestic relations matters. *Payton v. Payne*, 90 Ill.App.3d 892, 896, 46 Ill.Dec. 311, 414 N.E.2d 33 (1st Dist. 1980).

2. In light of this holding, we need not address the question, debated by all of the parties, as to whether the so-called "domestic relations" exception, which courts have invoked to refuse the exercise of federal jurisdiction in certain diversity cases, *see, e.g., Kirby v. Mellenger*, 830 F.2d 176, 177 (11th Cir.1987), should also be applied in federal question cases. Nor need we consider the propriety of any of the other abstention arguments advanced by the parties.

3. Although we need not address the issue at this time, Partee's memorandum at 2–5 casts serious doubt on the meritoriousness of Brown's federal claim.

tion, we also dismiss the remaining state law claims. It is so ordered.