MEDERIC G. OUIMETTE, Plaintiff in Error, *vs.* THE CITY
OF CHICAGO, Defendant in Error.

*Opinion filed December 22, 1909.*

1. TRIAL—*failure to prove proper notice to city of personal in-
jury may be raised by motion to direct verdict.* If the plaintiff
in a personal injury case against a city has failed to give the city
the notice required by the statute, (Hurd's Stat. 1908, p. 1185,)
or to prove such notice if given, the cause of action cannot be sus-
tained; and while the question may be raised by a motion to dis-
miss, yet it may also be raised by motion to direct a verdict.

2. MUNICIPAL CORPORATIONS—*notice to city must give true date
of accident.* The statute requires that the notice to a city of the
happening of an accident shall state "the date and about the hour
of the accident," and hence a notice giving the date of the accident
as November 10 whereas the uncontradicted proof shows the ac-
cident occurred October 10 is the same as no notice at all and is
insufficient to permit a recovery by the plaintiff.

3. RES JUDICATA—*extent to which judgment in favor of a city
on directed verdict for failure to prove notice is res judicata.* A
judgment rendered in favor of a city in a personal injury case
upon a directed verdict, based upon the ground that the notice to
the city stated that the accident occurred on November 10 where-
as the uncontradicted proof showed that it occurred at an earlier
date, is not *res judicata* as to an accident at such earlier date.

WRIT OF ERROR to the Branch Appellate Court for the
First District;—heard in that court on appeal from the
Superior Court of Cook county; the Hon. ROBERT W.
WRIGHT, Judge, presiding.

JAMES C. MCSHANE, for plaintiff in error:

The failure to serve a sufficient notice gave defendant
the right to have the suit dismissed but did not give it the
right to a directed verdict. Defendant requested a directed
verdict but did not request the dismissal of the suit, hence
it waived the only right the statute gave it in that regard.
When a right is created by a statute and a specific remedy
is prescribed, the right can be vindicated in no other way

than that prescribed by the law, and the remedy is exclusive.  23 Am. & Eng. Ency. of Law, 383, 387.

The purpose or requirement of the notice was to put defendant in possession of the facts relative to the accident, and if it accomplished that purpose it was sufficient.  *Walden* v. *Jamestown,* 178 N. Y. 213;  28 Cyc. 1453;  *Sheehy* v. *New York,* 160 N. Y. 139;  *Miller* v. *Springfield,* 177 Mass. 373;  *Driscoll* v. *Fall River,* 163 id. 105.

The evidence showed that the defendant was fully informed as to the time of the accident independent of the notice, and that it was not in any manner misled by the incorrect statement of the date of the accident contained in the notice, and hence the notice was sufficient.  *Purdy* v. *New York,* 110 N. Y. Supp. 822;  *Lincoln* v. *O'Brien,* 56 Neb. 761;  *McDowell* v. *Auburn,* 110 N. Y. Supp. 941;  *Hughes* v. *Fond du Lac,* 73 Wis. 380.

EDWARD J. BRUNDAGE, and JOHN R. CAVERLY, (EDWARD C. FITCH, of counsel,) for defendant in error:

Statutes requiring service of notice of claims against municipalities for injuries to the person as a condition precedent to the right to bring an action therefor are remedial in their nature and concern the public good.  3 Abbott on Mun. Corp. sec. 1061;  *Kenady* v. *Lawrence,* 128 Mass. 318;  *Giles* v. *Shenandoah,* 111 Iowa, 83;  *Rauber* v. *Wellsville,* 83 N. Y. (App. Div.) 581;  *Sachs* v. *Sioux City,* 109 Iowa, 224.

The service of the notice prescribed by the statute before commencement of the suit and within six months from the happening of the accident or when the cause of action accrued is a necessary and material fact, and it must be proved in order to authorize a judgment.  *Erford* v. *Peoria,* 229 Ill. 546;  *Walters* v. *Ottawa,* 240 id. 259.

The statute requires, among other things, that the notice shall state "the date and about the hour of the accident."  Whether the notice alleged in the declaration and

offered in evidence did state the date of the accident is a question of fact, which it was the duty of the Appellate Court to examine and upon which the finding of that court is conclusive. If the evidence in the case at bar did not prove the proper service of the notice prescribed by the statute, the motion to direct a verdict finding defendant not guilty was proper and should have been granted. *Erford* v. *Peoria,* 229 Ill. 546.

The statute provides that if the notice prescribed is not served as prescribed, then "any such suit brought against any such city shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing." From this language it is evident that the legislature intended not merely to terminate the suit or proceeding by a technical order of dismissal, but to terminate the controversy, to adjudicate and determine the rights of the parties. This is the import of the decisions of this court in *Erford* v. *Peoria,* 229 Ill. 546, and *Walters* v. *Ottawa,* 240 id. 259.

The notice in question was not a compliance with the provisions of the statute, in that it did not state the date of the accident but stated another date one month later. Therefore the plaintiff had no cause of action. *Gardner* v. *New London,* 63 Conn. 267; *Shaw* v. *Waterbury,* 46 id. 267; *White* v. *Stowe,* 54 Vt. 510; *Lee* v. *Greenwich,* 58 N. Y. (App. Div.) 391; *Noonan case,* 130 Mass. 161.

That the city had full information from other sources and was not misled by the defect in a notice does not cure the defect. *Gardner* v. *New London,* 63 Conn. 267; *Underhill* v. *Washington,* 46 Vt. 767; *White* v. *Stowe,* 54 id. 510; *Maloney* v. *Cook,* 21 R. I. 471; *Rauber* v. *Wellsville,* 83 N. Y. (App. Div.) 581.

Per CURIAM: This is an action on the case brought in the superior court of Cook county to recover damages for personal injuries received by plaintiff in error through an

electric shock from a broken electric wire which had fallen across a street in the city of Chicago.

For the purpose of lighting certain portions of the city an electric light plant was maintained by defendant in error. As a part of such plant two wires were suspended over Ashland avenue. Plaintiff in error was twenty-four years of age and was employed as motorman by the Chicago City Railway Company. On the evening of October 10, 1905, his car was running south on South Ashland avenue. At Fortieth street the car was blocked by a freight train. Plaintiff in error got off to attend to the wants of nature and opened the east gate of the crossing to go behind a fence on the east side of Ashland avenue. In some way one of the electric wires had been broken and was lying on and near the ground, one part of it being about the height of the knee. Plaintiff in error took hold of the wire to throw it out of the way and the electricity inflicted on him severe injuries.

The trial resulted in a verdict of $4000, and the judgment was reversed by the Appellate Court with a finding of fact that the accident occurred on October 10, 1905, and that the plaintiff in error did not give notice, in writing, to defendant in error within six months that he had been injured on that date, but gave notice that he had been injured November 10, 1905, and therefore failed to give the notice required by the statute as to personal injury suits against cities, villages and towns. (Hurd's Stat. 1908, p. 1185.) From this finding and judgment of the Appellate Court this writ of error was sued out.

Section 1 of that statute provides that such suits must be commenced within one year from the time of the injury or when the cause of action accrued. Section 2 provides that written notice shall be filed within six months from the date of injury or when the cause of action accrued, by the person injured, his agent or attorney, in the office of the city attorney (if there is one) and also in the office of

the city clerk, "giving the name of the person to whom such cause of action has accrued, the name and residence of person injured, the date and about the hour of the accident, the place or location where such accident occurred," etc. Section 3 provides that if the notice shall not be filed as required by section 2, then "any such suit brought against any such city shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing."

The declaration alleged, and the notice introduced in evidence by plaintiff in error stated, that the accident occurred on November 10, 1905. The proof of plaintiff in error showed, without contradiction, that it took place on October 10, 1905. When plaintiff in error offered in evidence the notice given by him to the city officials, defendant in error objected to its introduction because the date of the accident as stated in the notice did not correspond with the proof. After an argument on the question, the record shows that plaintiff in error stated, "I will offer that notice in evidence." While the record may not say in so many words that the notice was admitted in evidence, we think it is clear from the entire record that it was, in fact, admitted. Moreover, as will be shown hereafter in this opinion, if the giving of the notice was not proven, the judgment in favor of the plaintiff could not have properly been given and the court should have instructed the jury to find for the defendant. Counsel for plaintiff in error cannot have the benefit of the admission of such notice to enable him to secure a verdict and then seek to have it declared out of the record in this court.

The chief contention of plaintiff in error is, that, conceding that the notice is shown to have been admitted in evidence, advantage of the failure to correctly state the time of the accident could not be availed of, under the statute in question, by motion to direct a verdict; that section 3 of the statute, as quoted above, states that on the

failure to give such notice the suit "shall be dismissed," and that the defendant in error could only avail itself of this faulty notice by a motion to dismiss. This court, in *Erford* v. *City of Peoria,* 229 Ill. 546, in discussing the notice required by this statute, said (p. 553): "Statutes of this character are mandatory, and the giving of the notice is a condition precedent to the right to bring such suit, and the giving of the notice must be averred and proved by the plaintiff to avoid a dismissal of his suit."

It is admitted by counsel for plaintiff in error that in the case just cited the question of notice was raised by a motion to direct a verdict, but it is insisted that the point here raised was not considered or passed upon by the court in that case. In *Walters* v. *City of Ottawa,* 240 Ill. 259, it was held that a declaration in a personal injury case against the city which fails to aver that the notice or statement required by section 2 of this act was given as therein required, states no cause of action, and we said (p. 263): "The giving of the notices required by the statute has been made a condition precedent to the city's liability and constitutes an essential element of the plaintiff's cause of action. The statute expressly declares that if the required notice is not given, any suit brought shall be dismissed and the plaintiff barred from further suing." The failure to give proper notice, or to prove it if it has been given, could be raised on a motion to dismiss, but it is clear under these authorities that it is necessary to allege and prove that the notice has been given as required by the statute, and if not so alleged and proven it necessarily follows the cause of action cannot be sustained, and that therefore this question can also be raised by a motion to direct a verdict.

It is argued that the statute is in derogation of the common law and should be strictly construed; that if the case was dismissed within six months a new notice could be given and a new action instituted, but that if a verdict was directed it would be *res judicata* as to any new action.

What we have already said we think is a sufficient answer to this contention. Furthermore, under this statute a verdict holding that a party could not recover for an accident on November 10, 1905, would not be *res judicata* as to an accident that occurred on October 10, 1905.

Plaintiff in error also contends that the evidence showed that the city was not, in fact, misled by the notice, as the proper officers of defendant in error knew the actual date when the accident occurred, and that therefore the notice in question served the purpose of the statute and was sufficient. That part of the statute which refers to the notice reads, "the date and about the hour of the accident." Manifestly, from this wording the legislature intended that there should be more definiteness and accuracy as to the date than as to the hour. There could be but one date. If the notice is to serve the purpose intended by the legislature it should show the correct date. It is true, as urged by counsel for the plaintiff, that certain courts, in construing somewhat similar statutes, have held that a substantial compliance with the terms of the statute as to notice is all that is required; (28 Cyc. 1454, and cases cited;) but it is also true that the statute of each State has its own special wording, and therefore the decisions of the courts of one State may not be of weight in construing the statute of another. The question of this notice is entirely within legislative control. The legislature may prescribe the conditions under which cities shall be held liable to persons injured while using streets and sidewalks. (*Walters* v. *City of Ottawa, supra; Curry* v. *City of Buffalo,* 135 N. Y. 366.) It has prescribed in this statute that the notice shall give the date of the accident. From the reasoning in the two cases already cited, heretofore decided by this court, it must be held that the wrong date in the notice is, in effect, the same as if no date at all were given. The statute requires the date to be set out in the notice, and this certainly cannot be done by stating that the accident occurred on a date on

which it did not occur. *Gardner* v. *New London,* 63 Conn. 267; *White* v. *Town of Stowe,* 54 Vt. 510; *Lee* v. *Greenwich,* 48 N. Y. (App. Div.) 391.

The notice was not in compliance with the statute, and the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*