**Hattie Thomas, Appellant, v. Oscar F. Douglas, Trading as Douglas Funeral Home, Appellee.**

**Gen. No. 45,540.**

Opinion filed April 2, 1952. Rehearing denied April 16, 1952. Released for publication April 16, 1952.

PAYNE & CARTER, of Chicago, for appellant; LYCURGUS J. CONNER, of Chicago, of counsel.

SAMUEL LEVIN, of Chicago, for appellee.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a personal injury action. Defendant's motion to strike the second amended complaint was sustained and plaintiff has appealed from the judgment of dismissal at her costs.

The original complaint was filed March 25th, 1948. Summons issued against Phyllis Berger and Oscar F. Douglas, doing business as Douglas Funeral Home.

Douglas appeared and answered. On January 29th, 1951 the second amended complaint was filed by leave of court. The defendant moved to strike on the grounds that the cause was barred by the Statute of Limitations because the original complaint stated no cause of action and the second amended complaint was not filed within two years of plaintiff's alleged injuries. The reasons given for the insufficiency of the original complaint were that the defendants were not named in the body of the complaint, and that there was no allegation of a duty on the part of Douglas.

The question is whether the court erred in sustaining the motion and dismissing the second amended complaint on the grounds stated in the motion.

The original complaint names both defendants in the caption on the face of the complaint. In the body of the complaint there is an allegation that ". . . the defendant, the Douglas Funeral Home . . ." occupied a building in front of the one in which plaintiff was a tenant.

Section 21 (4) of the Civil Practice Act [Ill. Rev. Stat. 1951, ch. 110, par. 145; Jones Ill. Stats. Ann. 104.021] provides that the names of all parties ". . . shall be set forth in the body of the complaint . . . ." This section is under "Article V. Parties," and is entitled "Designation of parties." Subsection (1) provides that the party commencing the action and the adverse party "shall" be called plaintiff and defendant respectively. Subsection (2) provides that on appeal the designation "shall" be the same as in the trial court. Subsection (3) provides that misnaming of parties "shall" not be ground for abatement, but that names may be corrected at any time before or after judgment.

Defendant cites *Fitzpatrick v. Pitcairn*, 371 Ill. 203, in support of his contention that the proper designation in the second amended complaint does not relate back to the date of the original complaint. There was

in that case a mistake of identity of the party liable. That is not the situation in the instant case. The *Fitzpatrick* case refers to *Pennsylvania Company v. Sloan,* 125 Ill. 72. There the rule was stated that where a real party in interest who is intended to be sued is served with process and appears and files an answer, he will be concluded by the judgment the same as if he were sued in his real name. The instant case is not one of misnomer, but in our view, it is no more serious than misnomer.

 Subsection (4) of section 21 does not expressly provide for correction by motion before or after judgment as does subsection (3), the misnomer provision. Nevertheless, we think that the "shall" in subsection (4) has no greater force than the "shall" in subsections (1) and (2). Neither of these contain express provisions for correction by motion as does subsection (3), but we think incorrect designation of parties properly named could be corrected by motion as in subsection (3).

Whatever purpose subsection (4) had in protecting a defendant seems to have been attained by the designation of defendant in the original complaint. Summons was served on him personally, and he appeared in writing and filed an answer as Oscar F. Douglas. This is not a situation like that before this court in *Fetherston v. National Republic Bancorporation,* 280 Ill. App. 151.

 Pleadings should be drawn so as to conform to the legislative will to improve the administration of justice. We think, however, that the liberal purpose of the Civil Practice Act would be frustrated by a determination that the original complaint under the circumstances of this case was fatally defective for failing to comply with the letter of section 21. We think the record would have supported a judgment on the first complaint against Oscar F. Douglas.

■ Plaintiff complied literally with section 21 when she amended her complaint. This does not estop her from claiming that the original designation was sufficient. The amendment did not merely bring the designation of Douglas under strict compliance with section 21. It expanded the allegations upon which plaintiff relied originally to state her cause of action. If she was justified in amending the statement of her cause of action, we see no reason why she should not at the same time designate Douglas with greater care.

The original complaint alleges that defendants owned, subleased or managed the building in which plaintiff was a tenant; that this building was to the rear of another building on the premises occupied by "defendant, Douglas Funeral Home"; that on December 21, 1947 while in exercise of due care plaintiff was using the walk provided by defendants for those in the rear building; that defendants had caused a hole to be dug on the premises adjacent to the walk; that the walk and hole were unlighted and the hole "exposed and unprotected"; that through defendant's negligence the hole was dug "and left unprotected without lighting of any kind"; and that due to defendant's negligence, plaintiff fell into the hole and was injured.

■ We think that Douglas' duty is implicit in the allegations that plaintiff was rightfully using the walk in the exercise of due care and that "defendants" dug the hole adjacent to the unlighted walk and left it unlighted and unprotected. There was the duty not to endanger, by imprudent use of the land adjacent to the walk, those rightfully and carefully using the walk. The complaint was not carefully drawn but was sufficient to inform Douglas of the facts upon which plaintiff relied to show a duty and breach of the duty. Douglas did not ask for a more explicit statement of the facts, and was presumably sufficiently informed because he answered. The original complaint was not

fatally defective for failure to allege a duty on the part of the defendant.

█ Defendant argues that the amendment asserts a cause of action based on a failure to maintain "a guard rail, a fence or railing of some sort" whereas the original complaint alleged only a failure to provide lighting. On this argument rests defendant's contention that the amendment seeks to introduce, more than two years after the accident, a new and different cause of action. The liberal purpose of amendments under section 46 of the Civil Practice Act [Ill. Rev. Stat. 1951, ch. 110, par. 170; Jones Ill. Stats. Ann. 104.046] does not deprive a defendant of the defense of the Statute of Limitations. *Walsh v. Central Cold Storage Company,* 324 Ill. App. 402.

██ The test for defendant's argument is whether the cause of action set up in the amendment was "intended to be brought" in the original complaint, provided only that it grew out of the same transaction or occurrence. *Huntoon v. Pritchard,* 371 Ill. 36. We think the original complaint should be read as intending to allege negligence through failure to light and failure to give other protection. The complaint alleges that the walk and hole were unlighted; that the hole was "exposed and unprotected"; that there were "no lights or protection"; and that the hole was left "unprotected without lighting of any kind." We think the complaint informed defendant that he was charged with failure to light and give other protection. The facts alleged in the amended complaint particularized the general allegations of the original complaint. *Huntoon v. Pritchard,* 371 Ill. 36. It is unimportant that the original complaint referred to a "hole" and the amended complaint to an "excavation" or "window well." The same evidence would support a judgment on the original or amended complaint.

Plaintiff's second amended complaint related back to the date of the filing of the original complaint (section 46, Civil Practice Act) and the court erred in dismissing the action. The judgment is therefore reversed and the cause remanded with directions to set aside the order of dismissal and to proceed further.

*Judgment reversed and cause remanded with directions to set aside order of dismissal and proceed further.*

LEWE and FEINBERG, JJ., concur.