GASTON SMITH, Plaintiff-Appellant, *v*. THE CITY OF CHICAGO, Defendant-Appellee.

First District (1st Division)    No. 80-301

Opinion filed December 29, 1980.

Eugene I. Pavalon, of Asher, Goodstein, Pavalon, Gittler, Greenfield & Segall, Ltd., of Chicago (Donna L. Cervini, of counsel), for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Robert Retke, Assistant Corporation Counsel, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Gaston Smith (plaintiff) appeals from an order granting the motion of city of Chicago (defendant) for summary judgment. The issue involved is whether plaintiff failed to serve defendant with a proper written notice of the occurrence. Ill. Rev. Stat. 1979, ch. 85, pars. 8—102, 8—103.

Plaintiff sustained injury on defendant's property in front of 1931 West Waveland Avenue on September 10, 1975 at 9:30 a.m. The "Notice of Claims for Personal Injuries" was served on defendant on August 30, 1976. The date of injury on the notice was incorrectly typed in as "the 10th day of September 1976 * * *." The location where the injury occurred was described as the "North Side of Waveland Avenue, in front of 1929 W. Waveland Avenue, Chicago, Illinois." Plaintiff filed his complaint on October 8, 1976, more than one year after the injury occurred. (See *Zavala v. City of Chicago* (1977), 66 Ill. 2d 573, 579, 363 N.E.2d 848.) The complaint stated the correct date of injury.

Defendant filed an answer on November 12, 1976, denying the material allegations of the complaint. Three years later, on November 16, 1979, defendant filed its motion for summary judgment based on the erroneous date and address of the claimed accident. The notice was described as "totally defective" for failure to satisfy the statutory requirements.

In this court, plaintiff contends the typographical error in the date on the notice was an obvious error which could not have prejudiced or misled defendant and defendant should therefore be estopped from asserting improper notice. Furthermore, plaintiff argues the notice adequately described the location of the occurrence.

Under the view we take of this case, the issue of the effect of the erroneous date on the notice is dispositive. We need not discuss the second contention raised by plaintiff.

Section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, par. 8—102) provides, in part:

"Within 1 year from the date that the injury or cause of action * * * accrued, any person who is about to commence any civil

action for damages on account of such injury against a local public entity, * * * must serve * * * a written statement, signed by himself, his agent or attorney, giving in substance the following information: the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any."

Section 8—103 of the same statute provides:

"If the notice under Section 8—102 is not served as provided therein, any such civil action commenced against a local public entity * * * shall be dismissed and the person to whom such cause of injury [sic] accrued shall be forever barred from further suing."

In the instant case, the date of the accident typed on the notice was erroneous on its face because the date September 10, 1976 was subsequent to the time notice was served. Plaintiff urges since defendant knew, or should have known that an error had been made, no prejudice resulted from the defect and defendant could readily have taken steps to ascertain the correct date. Thus, plaintiff concludes defendant should have been estopped from asserting improper notice. In support of this conclusion, plaintiff cites a number of cases which have taken a "liberal" approach to the notice statute. See *Meisenheimer v. City of Chester* (1973), 15 Ill. App. 3d 1088, 1091, 305 N.E.2d 322, *appeal denied* (1974), 55 Ill. 2d 605, and cases cited therein.

In particular, plaintiff cites *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 342-43, 270 N.E.2d 415, in which the supreme court held:

"[T]he Local Governmental and Governmental Employees Tort Immunity Act is in derogation of the common-law action against local public entities and must, therefore, be strictly construed against the local public entity. * * * .

* * * A liberal interpretation of the statute is necessary because of its position in relation to the common law and because a more restrictive interpretation could lead to absurd, inconvenient or unjust consequences."

Under the liberal approach, substantial compliance with the statute is required. (See *McComb v. City of Chicago* (1914), 263 Ill. 510, 512-14, 105 N.E. 294.) One factor used to determine the existence of this degree of compliance is "if there had been some attempt to comply with the requirement of the statute * * *." *Minnis v. Friend* (1935), 360 Ill. 328, 333, 196 N.E. 191.

This liberal approach to the notice provision has coexisted with a more stringent standard in cases such as *Ouimette v. City of Chicago*

(1909), 242 Ill. 501, 90 N.E. 300, and *Rapacz v. Township High School District No. 207* (1971), 2 Ill. App. 3d 1095, 278 N.E.2d 540. Both of these cases involved notices to a public entity which contained the wrong date of accident. In *Rapacz*, plaintiff also urged the error was typographical and defendant "had actual knowledge so that dismissal of the case is unnecessarily harsh." (2 Ill. App. 3d 1095, 1099.) However, in both cases it was held the notice did not comply with the statutory requirements and the actions were dismissed. (*Ouimette*, 242 Ill. 501, 507-08; *Rapacz*, 2 Ill. App. 3d 1095, 1099.) Other authorities for the same rule of strict statutory compliance were cited in *Rapacz*, at page 1099, and need no repetition here.

While these two approaches may seem to be mutually exclusive, upon closer examination, they are wholly reconcilable. In *Bickel v. City of Chicago* (1975), 25 Ill. App. 3d 684, 323 N.E.2d 832, this court traced the history of the two approaches for testing the sufficiency of this type of statutory notice. (25 Ill. App. 3d 684, 688-92.) We summarized their applicability to any situation as follows (25 Ill. App. 3d 684, 692):

> "The statute is strictly construed to require that the written notice must contain each of the essential elements therein set forth. A notice which completely omits one or more of the essential elements is insufficient. On the other hand, the statute is to be liberally construed with respect to the sufficiency of the elements as set forth in the written notice. Where the particular element as set forth is reasonably sufficient to fulfill the requirements of the statute and where the public entity has not been misled or prejudiced thereby, the notice itself is sufficient."

Under this view of the law, it is clear the notice in the instant case was defective as regards the date of the occurrence so that the summary judgment was properly granted. The date set forth was not "reasonably sufficient to fulfill the requirements of the statute." This is not a situation where there is a lack of specificity in the information given (*Meisenheimer*, 15 Ill. App. 3d 1088, 1092; *McComb*, 263 Ill. 510, 514) or where the information given is accurate but not complete. (*Bickel*, 25 Ill. App. 3d 684, 692.) While defendant could have determined the date was erroneous, it could not possibly ascertain the correct date from the information given.

Thus, the rule of strict compliance is applicable here because the date, an essential element of the notice, is in error. As stated in *Ouimette*, 242 Ill. 501, 507-08:

> "[I]t must be held that the wrong date in the notice is, in effect, the same as if no date at all were given. The statute requires the date to be set out in the notice, and this certainly cannot be done by stating that the accident occurred on a date on which it did not occur."

In *Ouimette* and *Rapacz*, as well as the instant case, the erroneous date of accident on the notice "constituted a complete omission of an essential element * * *." *Bickel*, 25 Ill. App. 3d 684, 690.

The most recent supreme court case on this issue is *Zavala v. City of Chicago* (1977), 66 Ill. 2d 573, 363 N.E.2d 848. In that case, plaintiff failed to include the names and addresses of treating hospitals in his written statutory notice to defendant. Plaintiff asserted his notice substantially complied with the statute. The supreme court held (66 Ill. 2d 573, 578-79):

"This is not a case such as * * * *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, in which this court was required to construe the statute so as to avoid absurd, inconvenient and unjust consequences.

* * * We recognize that the information required by the statute (and omitted by plaintiff) is not as comprehensive as that which could be obtained under our discovery rules after the filing of the complaint. However, even the minimal, omitted information could be necessary to the defendant in its preliminary assessment of its potential extent of liability for an injury. As was observed in *King v. Johnson* (1970), 47 Ill. 2d 247, 251: 'Local public entities, unlike the private or corporate individuals, must determine their budgets in advance for taxing purposes. Knowing within a reasonable length of time the approximate number of claims against them, facilitates this operation.' This reasoning is, of course, equally applicable in the situation where a public entity must prejudge the extent of its liability in an individual case.

We hold that plaintiff's failure to include the names and addresses of the treating hospitals within the statutory notice constituted a failure to comply with requirements of section 8—102 of the Act (Ill. Rev. Stat. 1969, ch. 85, par. 8—102). * * *. Therefore, the dismissal of the complaint was required under section 8—103 of the Act (Ill. Rev. Stat. 1969, ch. 85, par. 8—103). To hold otherwise would be a 'judicial nullification of * * * a clearly expressed legislative mandate.' *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 344 (Underwood, C. J., dissenting)."

The same reasoning is applicable to the instant case with equal validity as concerns the erroneous date supplied by the notice. The judgment of the circuit court is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.