DOUGLAS RIO, Plaintiff-Appellant, *v.* EDWARD HOSPITAL *et al.*, Defendants-Appellees.

Second District   No. 83—71

Opinion filed December 29, 1983.

Douglas Rio, of Oak Brook, *pro se*, and Charles E. Lab, of Joliet, for appellant.

Craig J. Cobine and Kathleen C. West, both of Hennessy, Dommermuth, Brestal, Cobine, Roth & West, of Naperville, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Douglas Rio, appeals from an order dismissing his amended complaint for medical malpractice against defendants, Edward Hospital and Dr. A. Hussain, on defendants' motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619) for plaintiff's failure to comply with the notice provision of section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1981, ch. 85, par. 8—102).

The issue raised on appeal is whether a complaint filed less than three months after the plaintiff, as later alleged in an amended complaint, knew or reasonably should have known of his injury caused by defendants is barred by the notice provision of section 8—102 of the Tort Immunity Act where the alleged medical malpractice occurred more than one year prior to the filing of the complaint and no written notice of injury was given.

On August 14, 1981, plaintiff filed a complaint for medical malpractice against defendants, Edward Hospital and Drs. A. Hussain and K. A. Hurst, in the circuit court of Cook County. Plaintiff alleged he was treated by the defendant doctors at Edward Hospital on August 14, 1979, and suffered personal injury resulting from their negligent acts. All defendants were served by summons on September 16, 1981. On October 16, 1981, Edward Hospital and Dr. Hussain filed a motion to dismiss and, alternatively, a motion to transfer the cause to Du Page County. Dr. K. A. Hurst was represented by separate counsel and, as he is not a party to this appeal, will not be further referred to. Defendants' motion to dismiss alleged that Edward Hospital was a municipal corporation, that Dr. Hussain was an employee of the hospital, that Dr. Hussain did not reside in Cook County, and that the principal office of the hospital was in Du Page County. On November 17, 1981, an order was entered transferring the cause to the circuit court of Du Page County.

The cause was filed in Du Page County on February 16, 1982. On June 17, 1982, defendants filed a motion to dismiss pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 48), recodified as section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619), alleging that the notice provision in section 8—102 of the Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 8—102) was not complied with, and filed two affidavits which stated, in essence, that Edward Hospital was a municipal corporation; that no written notice of injury was received; that Dr. Hussain was an employee of Edward Hospital and treated plaintiff in August 1979;

and that Edward Hospital had no primary insurance coverage. Plaintiff then filed an amended complaint on August 27, 1982, alleging, *inter alia*, that he discovered on May 19, 1981, that he had been injured as a result of defendants' negligent treatment on August 14, 1979, and that that was the first time that he knew or reasonably should have known of the existence of the injury and its wrongful causation. The previously filed motion to dismiss was allowed to stand as to the amended complaint. Plaintiff filed his own affidavit which stated that he injured his wrist and hand while at work on August 14, 1979; that on August 15 he was treated at Edward Hospital and examined by Dr. Hussain; that his X rays were examined by Dr. Hurst; that he was told by Dr. Hussain that his wrist was sprained; that on May 19, 1981, he was examined by a Dr. Lewis and informed that his wrist had been fractured in August 1979 and injured by the failure to properly treat the fracture then; and that May 19, 1981, was the first time that he knew he had been injured by the defendants' negligent treatment in August 1979. Defendants later filed an affidavit by one of their attorneys which represented that the law firm was first notified of the transfer of the cause from Cook County to Du Page County in a letter from plaintiff's attorney dated May 24, 1982. On November 17, 1982, defendants' motion to dismiss was granted on the basis of plaintiff's failure to comply with the notice requirement of section 8—102. Plaintiff's motion to reconsider was denied on December 22, 1982.

The pertinent sections of the Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, pars. 8—101 through 8—103) provide:

"Sec. 8—101. No civil action may be commenced in any court against a local entity for any injury unless it is commenced within 2 years from the date that the injury was received or the cause of action accrued."

"Sec. 8—102. Within 1 year from the date that the injury or cause of action, referred to in Sections 8—101, 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must serve, either by personal service or by registered or certified mail, return receipt requested, a written notice on the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving in

substance the following information: the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any."

"Sec. 8—103. If the notice under Section 8—102 is not served as provided therein, any such civil action commenced against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, shall be dismissed and the person to whom such cause of injury accrued shall be forever barred from further suing."

Plaintiff first contends that the discovery rule applicable in medical malpractice cases, whereby the period of limitations starts to run where a person knows or reasonably should know of his injury, and also knows or reasonably should know that it was wrongfully caused, should be recognized as being applicable to the notice provisions in similar malpractice claims against municipalities. Thus, he contends that, once the discovery rule is applied in the present action, he complied with the notice provisions by filing his complaint on August 14, 1981, several months after he first became aware of the cause of action on May 19, 1981, upon being so informed by Dr. Lewis. Defendants maintain that "[n]o judicial decision has extended the notification period of the Tort Immunity Act to the date of discovery of negligent professional treatment," and that statutes requiring the giving of notice of injury to public entities are to be strictly construed.

Plaintiff failed to serve, as is required under section 8—102 of the Tort Immunity Act, any written notice of injury on Edward Hospital within one year from the date that the injury or cause of action was received or accrued that he was about to commence a civil action for damages for injury. However, our supreme court held in *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 356 N.E.2d 89, that the filing of the complaint within the then-applicable six-month statutory notice period satisfied the notice requirement of section 8—102 of the Tort Immunity Act even though no prior written notice was served on the municipality. (64 Ill. 2d 230, 237, 356 N.E.2d 89; see also *Zavala v. City of Chicago* (1977), 66.Ill. 2d 573, 577-78, 363 N.E.2d 848.) In the case at bar, the original complaint, which alleged that the negligent treatment and injury occurred on August 14, 1979, was filed on August 14, 1981, more than one year after the alleged injury. However, plain-

tiff's amended complaint filed on August 27, 1982, alleged that he discovered he had been injured by defendants' treatment on May 19, 1981. Plaintiff contends that his August 14, 1981, complaint was therefore filed within one year from the date the injury or cause of action was received or accrued.

Generally, in medical malpractice cases in which the discovery rule is applied, the cause of action accrues when the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that it was wrongfully caused. (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 232, 447 N.E.2d 408; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, 421 N.E.2d 869; see also Ill. Rev. Stat. 1981, ch. 110, par. 13—212.) While we have found no Illinois case which expressly holds that the discovery rule is applicable to a medical malpractice action against a municipality and to the special notice requirements of the Tort Immunity Act, the appellate court has applied, without expressly deciding, the discovery rule in medical malpractice cases involving a municipality and the notice provision. See, e.g., *Zagar v. Health & Hospitals Governing Com.* (1980), 83 Ill. App. 3d 894, 404 N.E.2d 496; *Addison v. Health & Hospital Governing Com.* (1977), 56 Ill. App. 3d 533, 371 N.E.2d 1060; see also *Eason v. Garfield Park Community Hospital* (1977), 55 Ill. App. 3d 483, 487, 370 N.E.2d 1099 (Simon, J., dissenting).

Section 8—102 expressly provides that notice be served "[w]ithin 1 year from the date that the injury or cause of action *** was received or accrued ***." (Ill. Rev. Stat. 1981, ch. 85, par. 8—102.) This language is substantially similar to that of the discovery rule in medical malpractice cases. (See *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 232, 447 N.E.2d 408.) We note that a rigid application of the notice provisions of the Tort Immunity Act will not be upheld if in conflict with another statute (see *Stephens v. McBride* (1983), 97 Ill. 2d 515, 455 N.E.2d 54 (right of contribution)), or during the minority of a claimant. (*Cf. Haymes v. Catholic Bishop* (1965), 33 Ill. 2d 425, 211 N.E.2d 690.) Also, the Tort Immunity Act is in derogation of the common law action against local public entities and must be strictly construed against the local public entity. *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 342, 270 N.E.2d 415.

The purpose of timely notice allows the governmental entity the opportunity to examine the location of the occurrence at an early date so that conditions do not change and evidence does not become stale, to plan its budget in light of prospective liabilities, to settle claims and avoid costly civil litigation, and to correct the alleged defective condition so that future injuries and liabilities may be avoided.

(*Stephens v. McBride* (1983), 97 Ill. 2d 515, 524, 455 N.E.2d 54.) Under the circumstances present here, we conclude that application of the discovery rule in a medical malpractice claim against a municipality does not offend the purposes of the notice provision of section 8—102 of the Tort Immunity Act, and is, in fact, implicit in the language of section 8—102. Plaintiff's amended complaint which alleged that he discovered on May 19, 1981, that he had been injured by defendants' prior treatment, relates back to the date of his original complaint (see Ill. Rev. Stat. 1981, ch. 110, par. 2—616(b)), which was filed on August 14, 1981, and is within three months of his discovery of the injury. This is within one year from the date the injury or cause of action was received or accrued, as provided in section 8—102 of the Tort Immunity Act.

■ As we previously stated above, the filing of a complaint within the one-year statutory notice period satisfies the notice requirement of section 8—102 even though no prior written notice was served on the municipality. (*Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 356 N.E.2d 89.) Contrary to the defendants' general assertion that plaintiff's complaint "was insufficient to provide the requisite information," we conclude the complaint provided the necessary information to give the municipality notice of the civil action for damages against it and furnished timely notice of injury so that there could be a prompt investigation. (See *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 236, 356 N.E.2d 89.) The complaint need not contain all the information required by section 8—102 (64 Ill. 2d 230, 236, 356 N.E.2d 89) and, here, the complaint adequately notified defendants of the name of the person to whom the action accrued and who was injured, the date and place of the occurrence, and the general nature of the occurrence. In the context of this medical malpractice action against a municipality, the filing of plaintiff's complaint satisfied the requisites of section 8—102.[1]

■ Defendants further contend, however, that the failure of plaintiff to file the lawsuit in the proper county, to cause transfer of the case within a reasonable period of time, to notify them of the docketing of the case in Du Page County, and to allege late discovery in the original complaint, prevented defendants from an opportunity to obtain by discovery or otherwise, the information required under

---

[1]It has been suggested that injuries resulting from malpractice are not intended to be within the coverage of the notice requirement of section 8—102. See *Eason v. Garfield Park Community Hospital* (1977), 55 Ill. App. 3d 483, 487, 370 N.E.2d 1099 (Simon, J., dissenting).

the Tort Immunity Act. Defendants cite *Zavala v. City of Chicago* (1977), 66 Ill. 2d 573, 363 N.E.2d 848, as analogous authority for this argument. The gist of this argument appears to be that plaintiff's actions "let the discovery period pass without providing to the municipal defendant either the required notice, the information that would be required in the notice, or an opportunity to conduct discovery."

We do not find that *Zavala* is any help to defendants in support of their contention. In *Zavala*, a defective notice was served on the municipality within the statutory notice period, a complaint was not filed within that notice period, and the court held there was a failure to comply with the requirements of section 8—102 which required dismissal of the complaint.

In contrast, the filing of the complaint here within the statutory notice period satisfied the notice requirement of section 8—102. The filing of the complaint was less than three months after the injury was discovered by plaintiff. While defendants contend that because plaintiff filed suit in the wrong venue and because of his other subsequent actions they were prevented from undertaking pretrial discovery until some time later, we find this contention without merit. In view of the fact that a governmental entity need not be given notice for almost a year after the occurrence, it can hardly be contended that the statute necessarily assures an opportunity to conduct an investigation immediately after the injury is sustained. (See *Stephens v. McBride* (1983), 97 Ill. 2d 515, 524, 455 N.E.2d 54.) Moreover, once a complaint has been filed within the statutory notice period, the requirements of section 8—102 are met (*Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 356 N.E.2d 89), and defendants could have undertaken an investigation and pretrial discovery of the facts underlying the claim. Under the limited facts in this record on a motion to dismiss, we do not find that plaintiff's filing of the complaint in the wrong venue and the subsequent delay in transferring the cause to Du Page County are sufficient to violate the purposes of the notice requirement of section 8—102 of the Tort Immunity Act, nor has any prejudice to defendants been shown.

For the foregoing reasons the judgment of the circuit court of Du Page County dismissing plaintiff's complaint is reversed, and the matter remanded for further proceedings.

Reversed and remanded.

VAN DEUSEN and NASH, JJ., concur.