FLORIDA CARROLL, Plaintiff-Appellant, v. CHICAGO HOUSING AUTHORITY, Defendant-Appellee.

First District (4th Division)  No. 85—3467

Opinion filed April 16, 1987.

Alan M. Katz & Associates, of Chicago (Alan M. Katz and Gregory R. Sun, of counsel), for appellant.

Jones, Ware & Grenard, of Chicago (Josie F. Adkins, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Florida Carroll, appeals from an order that dismissed her action for damages against the Chicago Housing Authority (CHA) on the grounds that her notice of tort claim was deficient and ineffective under the Local Government and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1983, ch. 85, pars. 8—101 through 8—103). For the reasons set forth, we affirm the ruling of the trial court.

The sole issue for our determination is whether the notice of injury that Carroll served upon the CHA comports with the requisites of the Tort Immunity Act. Section 8—102 requires a tort claimant to give the local public entity being sued written notice of the claim within one year of the injury or cause of action, "giving in substance the following information: the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any." Section 8—103 of the Act provides that if the notice under section 8—102 is not served as provided therein, any action based thereon "shall be dismissed and the person to whom such cause of injury accrued shall be forever barred from further suing."

On August 12, 1983, Carroll was allegedly injured in the kitchen of an apartment owned by the CHA. One full year later, she served the CHA with what appears to be a form notice of claim for personal injuries with certain information filled in. Much of the information required under the Act was furnished, including Carroll's name, address, the date, time, general location of the accident, and the name of the attending physician and treating hospital. The entire description of the nature of the accident, however, reads as follows: "Claimant was caused to become injured due to the negligence of the Chicago Housing Authority." Carroll contends that her notice is sufficient because it gave the CHA "in substance" the "general nature" of the accident and should be liberally construed under the pertinent law.

■■ ■ Illinois courts construe the Tort Immunity Act to require, in the first instance, that all elements listed in section 8—102 be present in the written notice; the omission of even one element is fatal. (*E.g., Lando v. City of Chicago* (1984), 128 Ill. App. 3d 597, 470 N.E.2d 1172; *Bickel v. City of Chicago* (1975), 25 Ill. App. 3d 684, 323 N.E.2d 832.) Nevertheless, once a particular element is furnished, the courts take a liberal approach as to the sufficiency of that element, provided that it is "reasonably sufficient to fulfill the requirements of the statute and *** the public entity has not been misled or prejudiced thereby." *Bickel v. City of Chicago* (1975), 25 Ill. App. 3d 684, 692, 323 N.E.2d 832, 838.

■■ ■ In the pending case, the disputed element is that which requires notice of the "general nature of the accident." While Carroll argues that her notice adequately apprises the CHA of her injury, because it specifies a negligence personal injury claim, as distinct from

property damage or an intentional tort, we cannot agree. We find conclusory the statement that Carroll's injury was "due to the negligence" of the CHA. The notice is silent as to the facts upon which Carroll claims a right of action. As noted in *McComb v. City of Chicago* (1914), 263 Ill. 510, 512, 105 N.E. 294, 294, a notice may be considered sufficient as a whole if it contains, among other things, enough information to "ascertain the conditions alleged to have existed which caused" the accident. Missing is any suggestion of what the CHA did or failed to do, such as failure to maintain or repair an unsafe condition upon the premises. Nor is there any hint of the nature or extent of Carroll's alleged injuries.[1]

■■ ■ A major purpose of the notice provision in the Tort Immunity Act is to provide the governmental entity with the means to investigate the claim at an early date, to preserve evidence (*Stephens v. McBride* (1983), 97 Ill. 2d 515, 523, 455 N.E.2d 54, 58), and to correct allegedly defective conditions to avoid future liabilities (*Zavala v. City of Chicago* (1977), 66 Ill. 2d 573, 363 N.E.2d 848). Moreover, the Illinois Supreme Court has allowed an exception to the notice requirement in those cases in which the claimant actually files the complaint within the statutory notice period. (*Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 356 N.E.2d 89; see *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 348 N.E.2d 176.) The rationale of *Dunbar* and *Saragusa* is that the public entity would be able to investigate the claim through the discovery process upon the filing of the suit and therefore would not be prejudiced by an omitted or defective notice under section 8—102.

■■ ■ In the pending case, we hold that Carroll's notice was defective because the description of the accident was wholly lacking in facts that would indicate the nature of the CHA's alleged negligence. Furthermore, since Carroll did not file her lawsuit until the last day of the two-year statute of limitations period, well after the one-year notice period under the Act, there was no cure of the defective notice. Accordingly, we hold that the trial court properly dismissed Carroll's action.

Affirmed.

JOHNSON and JIGANTI, JJ., concur.

---

[1]The complaint, which was filed on the last day of the two-year limitations period, alleges that a kitchen drawer fell on Carroll's foot when it came off its track and that her resulting injuries were caused by the negligence of the CHA.