JAMES McGOUGHY, Plaintiff-Appellant, v. CHICAGO HOUSING AUTHORITY, a municipal corporation, Defendant-Appellee.

First District (6th Division)   No. 1—88—3268

Opinion filed August 11, 1989.

Leo M. Bleiman, P.C., of Chicago (Laura Monahan-Jarvis, of counsel), for appellant.

Jones, Ware & Grenard, of Chicago (Mitchell Ware, Frank M. Grenard, Kevin T. Lee, and Anthony C. Swanagan, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, James McGoughy, appeals from a trial court order dismissing count II of his second amended complaint against defendant, Chicago Housing Authority (CHA) due to an inadequate description of the accident included in the notice required by the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, pars. 8—101 through 8—103). Count I remains pending in the trial court.

On April 20, 1983, plaintiff fell and injured himself while running down a stairway in a Chicago apartment building owned by defend-

ant. He left a friend's apartment and was running, being attacked by unknown assailants at the time he fell.

An April 20, 1983, Michael Reese Hospital emergency room report states that plaintiff was hit over the head with a baseball bat by four individuals, punched in the eye, and that he fell down a flight of stairs, injuring his knee and leg.

On January 16, 1984, plaintiff timely served defendant with statutory notice of his intention to commence a civil action for damages. The notice included plaintiff's name and address; the date, time and location of the accident; the treating hospitals and physicians; and a description of the accident:

> "Claimant was going down the south staircase from the 13th floor, slipped and fell down. Stairwell unlighted and wet."

On August 16, 1984, plaintiff filed a complaint alleging that defendant permitted the stairway to remain in a dangerous, unsafe, wet, unlighted and slippery condition, causing him to fall down the stairs.

Subsequently, both sides engaged in discovery. On December 24, 1984, defendant served plaintiff with interrogatories asking for details about the assault, including any advance notice that he might be in danger, precautions to avoid danger, description of assailants and "the number of persons and the objects carried by them as reported to hospital (Michael Reese)," and "how many floors were you chased by these assailants before you were actually attacked."

On January 25, 1985, defendant answered the complaint, denying that as a cause of any alleged negligence of defendant, plaintiff "sustained any injuries ***, but states that any injuries sustained by plaintiff resulted from independent intervening criminal activity unrelated to any activity of the defendant."

On February 11, 1985, defendant filed a motion to compel answers to the interrogatories relating to information plaintiff possessed about the criminal attack, arguing that because "of the generality of the claim or charge, [defendant] is unable to know with reasonable certainty what he is required to meet."

On December 23, 1985, defendant answered plaintiff's request for production of any party's statement made to a third person by attaching the April 20, 1983, emergency room hospital report. The report is stamped as received September 18, 1984.

On August 5, 1986, plaintiff filed a pretrial memorandum stating the theory of the case was that his fall and injuries, which occurred while he was being chased by unknown assailants, were caused by defendant's negligent maintenance of the stairway and by lack of ade-

quate security.

On September 18, 1987, plaintiff asked in a supplemental production request to inspect any documents regarding criminal assaults or other violent crimes occurring at the CHA building between November 1, 1982, through May 1, 1983. On October 2, 1987, defendant responded that it had no such documents. Plaintiff later located 11 police reports which had been sent to defendant during that time period. The reports recorded criminal assaults which took place in that building, including one assault by an unknown assailant on a visitor one week before plaintiff's injuries occurred.

On May 9, 1988, plaintiff filed a second amended complaint, adding count II, which alleged that plaintiff was bodily attacked on defendant's premises and that defendant failed to provide adequate protection against felonious assault. Count II contains no allegations regarding negligence in permitting the stairs to remain wet and slippery, or in permitting the stairway to be insufficiently lit.

The trial court granted defendant's section 2—619 (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) motion to dismiss count II on the basis that plaintiff failed to provide defendant with adequate notice of that theory of recovery.

■ The Tort Immunity Act requires a claimant to notify the local governmental entity of his intent to sue within one year of the accrual of that injury. (Ill. Rev. Stat. 1983, ch. 83, par. 8—102. (Repealed for causes of action arising after November 25, 1986. See Pub. Act 84—1431, art. 1, §3, art. 27, §1.)) The notice must include a description of the general nature of the accident. Plaintiff initially provided defendant with notice of the April 20, 1983, injury on January 16, 1984, within a year's time. The narrow issue presented here concerns whether or not the notice's statements of "the general nature of the accident" were adequate in regard to count II.

■■ The courts take a liberal approach in determining the sufficiency of any element required under section 8—102. (*Lando v. City of Chicago* (1984), 128 Ill. App. 3d 597, 470 N.E.2d 1172; *Bickel v. City of Chicago* (1975), 25 Ill. App. 3d 684, 323 N.E.2d 832.) The test is whether the elements of the notice are set forth with sufficient clarity and accuracy so as to not mislead or prejudice the public entity. (*Lando v. City of Chicago*, 128 Ill. App. 3d 597, 470 N.E.2d 1172.) The purpose of the notice provision is to provide the governmental entity with the means to investigate the claim at an early date, to preserve evidence, to correct allegedly defective conditions, and to avoid future liabilities. (*Stephens v. McBride* (1983), 97 Ill. 2d 515, 455 N.E.2d 54; *Carroll v. Chicago Housing Authority* (1987), 155

Ill. App. 3d 710, 508 N.E.2d 285.) The statutory notice requirement, being in derogation of common law, must be strictly construed against the local public entity. *H. Winter Metal Co. v. City of Chicago* (1986), 143 Ill. App. 3d 542, 493 N.E.2d 93; *Rio v. Edward Hospital* (1983), 120 Ill. App. 3d 699, 458 N.E.2d 606, *aff'd* (1984), 104 Ill. 2d 354, 472 N.E.2d 421.

In the present case, the 1984 notice of the accident states that claimant slipped and fell down the unlighted and wet stairway. We do not believe it was necessary that the notice continue on and detail all of the circumstances surrounding the precise reasons that plaintiff was on the stairs at the exact moment of the fall. The notice informed defendant of the time, date, and location of the accident. Significantly, it also timely informed defendant of the names of the treating hospital and physicians. The hospital report recites in great detail the facts of the assault involved in defendant's fall on the allegedly wet and unlit stairs.

We conclude that defendant had notice of or access to all facts to give it sufficient notice of the injury to facilitate investigation, settlement, or budget planning. (See *Whitney v. City of Chicago* (1987), 155 Ill. App. 3d 714, 508 N.E.2d 293.) Defendant has suffered no prejudice. Plaintiff is not required to set forth all of his theories of recovery, but instead need only state the general nature of the accident. *Whitney v. City of Chicago*, 155 Ill. App. 3d 714, 508 N.E.2d 293; see also *Roesler v. Liberty National Bank* (1954), 2 Ill. App. 2d 54, 118 N.E.2d 621; *Thomas v. Douglas* (1952), 346 Ill. App. 277, 105 N.E.2d 129.

Furthermore, without exploring various possibilities through the discovery process, plaintiff possessed no information which might signal the existence of a cause of action for failure to provide adequate security based on defendant's prior knowledge of numerous criminal assaults occurring on its premises. This is particularly true because as late as October 1987 defendant was denying to plaintiff that it knew of any documentation regarding criminal assaults or other violent crimes occurring at the CHA building in question between November 1982 and May 1983. Plaintiff subsequently located 11 police reports of such violent crimes. One report shows a visitor to the building was attacked by an unknown assailant only one week before plaintiff's injuries occurred. Thus, whether defendant might face liability for inadequate security in the face of these repeated assaults would best be known to defendant, not plaintiff.

We note further that by December 1984, defendant clearly knew of the assault, as indicated in its interrogatories. Moreover, defendant

produced for plaintiff defendant's copy of the April 1983 hospital report, which was stamped "received September 18, 1984." Additionally, defendant's January 1985 answer to the complaint states the injuries were caused by "independent intervening criminal activity."

Defendant's reliance on *Carroll v. Chicago Housing Authority* (1987), 155 Ill. App. 3d 710, 508 N.E.2d 285, is misplaced. In *Carroll*, the court found a notice inadequate where plaintiff only stated "Claimant was caused to become injured due to the negligence of the Chicago Housing Authority." (155 Ill. App. 3d at 712.) The court held that there were no facts to indicate the nature of defendant's negligence. In contrast, here defendant knew plaintiff fell on stairs, knew the condition of the stairway area, and had actual notice of or access to further facts preceding the fall within the one-year statutory notice period. We hold that the statutory notice to defendant was sufficient and that the court erred in dismissing count II of the complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the holdings contained herein.

Judgment reversed and remanded.

EGAN, P.J., and LaPORTA, J., concur.