AMY K. SCHWALB, Plaintiff-Appellant, v. CHRISTOPHER L. WOOD, Defendant-Appellee.

Third District    No. 3—96—0966

Opinion filed May 30, 1997.

Christopher F. Cassidy (argued), of Cassidy & Mueller, of Peoria, for appellant.

Bradley S. McMillan (argued), of Heiple & McMillan, of Peoria, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

Plaintiff Amy Schwalb filed the instant complaint against defendant Christopher Wood alleging that Wood breached his promise to marry her. The trial court found that Amy failed to comply with the notice requirements of section 4 of the Breach of Promise Act (Act) (740 ILCS 15/4 (West 1994)) because her notice failed to include the exact date on which the promise to marry was made. In addition, the court denied Amy's motion for an extension of time to file a response

to a request to admit. Amy appeals both rulings. We hold that Amy substantially complied with the notice requirements of the Act by including the month and year during which the promise to marry was made. We also hold that the trial court did not abuse its discretion by denying her motion for an extension to file her request to admit response. Accordingly, we affirm in part, reverse in part and remand.

## FACTS

Christopher and Amy were engaged to be married and set a wedding date for October 29, 1994. Although the parties do not dispute that they were engaged, Christopher maintains that the promise to marry was made in December 1993 while Amy claims it was made in September 1993. Seven days before the wedding, Christopher allegedly broke off the engagement. Two months later, Amy served Christopher with notice that she intended to file a complaint against him to recover her losses. The notice stated that the couple entered into a promise to marry in September 1993 and that due to Christopher's breach of that promise, Amy incurred over $25,000 in damages. Thereafter, Amy filed the instant complaint.

Christopher served Amy's attorney with a request to admit on April 16, 1996. However, Amy's attorney was unable to contact her. Because he had not received a response to the request to admit within the 28-day period required by Supreme Court Rule 216(c) (134 Ill. 2d R. 216(c)), Christopher filed a motion for summary judgment on May 20. On the following day, Amy contacted her attorney, and he filed an unverified response to the request to admit. On July 15, nine weeks after the response was due, Amy filed a verified response to the request to admit and a motion for extension of time to respond. The trial court granted Christopher's motion to strike the unverified response and denied Amy's motion for an extension of time to file the response.

The court also found that Amy was unable to establish when the breach occurred and, thus, was unable to establish that notice was served on Christopher within the 90-day time limit provided in the Act. See 740 ILCS 15/4 (West 1994). Accordingly, the court granted Christopher's motion for summary judgment. But, in response to Amy's motion to reconsider, the court found that Amy had established that notice was given within 90 days of the breach. Nevertheless, the court found that Christopher was entitled to summary judgment because Amy's notice did not include the exact date on which the promise to marry was made.

## ANALYSIS

■ The first issue on appeal is whether the notice required by sec-

tion 4 of the Act must identify the exact date on which the promise to marry was made.

As a prerequisite to filing a cause of action for breach of promise to marry, section 4 of the Act requires the plaintiff to send a written notice to the defendant. The notice must include, among other things, "the date upon which the promise or agreement to marry was made." 740 ILCS 15/4 (West 1994). If the plaintiff fails to comply with the notice requirement, the suit must be dismissed. 740 ILCS 15/5 (West 1994).

Although no court has specifically addressed the notice requirement in the Act, many courts have construed a similar statutory notice requirement found in the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1985, ch. 85, pars. 8—102, 8—103). See, *e.g., Carroll v. Chicago Housing Authority*, 155 Ill. App. 3d 710, 508 N.E.2d 285 (1987). These courts have held that the omission of a necessary element from the notice requires dismissal, but once an element is furnished, the court must take a liberal approach to its sufficiency. *Carroll*, 155 Ill. App. 3d at 712, 508 N.E.2d at 286; *Smith v. City of Chicago*, 92 Ill. App. 3d 247, 249-50, 416 N.E.2d 20, 21-22 (1980). The notice is sufficient if the particular element is reasonably sufficient to fulfill the requirements of the statute and if the other party has not been misled or prejudiced thereby. *Carroll*, 155 Ill. App. 3d at 712, 508 N.E.2d at 286; *Smith*, 92 Ill. App. 3d at 250, 416 N.E.2d at 22. Because the notice provision in the Tort Immunity Act is virtually identical to the notice provision at issue in the case at bar, the cases construing the Tort Immunity Act should be applied. See *Camp v. Chicago Transit Authority*, 82 Ill. App. 3d 1107, 403 N.E.2d 704 (1980).

Christopher claims that the cases construing the notice requirements of the Tort Immunity Act are inapplicable because the Breach of Promise Act contains an express statement that the purpose of the Act is to limit the damages recoverable in such cases. This argument is unpersuasive, however, because the Tort Immunity Act contains an express statement that its purpose is to limit the liability of public entities and public employees. See 745 ILCS 10/1—101.1(a) (West 1994) ("The purpose of this Act is to protect local public entities and public employees from liability ***"). Thus, since there is no meaningful distinction between the two acts, we hold that substantial compliance with the notice requirements of the Breach of Promise Act is sufficient.

Christopher points out that in *Wildley v. Springs*, 47 F.3d 1475 (7th Cir. 1995), the court held that the plaintiff's notice was defective because it failed to include the date on which the promise to marry

was made. Unlike the notice in *Wildley,* Amy's notice included the month and year that the promise to marry was made. As stated above, the omission of a necessary element from the notice requires dismissal, but once an element is furnished, the court must take a liberal approach to its sufficiency. See *Smith v. City of Chicago,* 92 Ill. App. 3d 247, 249-50, 416 N.E.2d 20, 21-22 (1980).

In response to Amy's claim that she substantially complied with the notice requirements of the statute, Christopher argues that Amy's failure to specify the date on which they became engaged will prejudice his defense of the case. He points out that since Amy's damages are limited to the expenses she incurred after the promise to marry was made, the exact date of the engagement is a crucial fact. He thus argues that Amy did not substantially comply with the notice requirements of the Act.

To prove that the damages sought by Amy were incurred prior to the promise of marriage, Christopher must establish the date on which the promise was made. This is true regardless of whether Amy's notice specified the exact date on which the promise was made. As such, Amy's failure to specify a particular date in her notice will have no impact on Christopher's defense. We therefore hold that Amy substantially complied with the notice requirements of the Act. Accordingly, we reverse the court's order granting summary judgment to Christopher and remand for further proceedings.

■ The next issue is whether the trial court abused its discretion by denying Amy's motion for an extension of time to respond to the request to admit.

According to Supreme Court Rule 216(c), a fact is deemed admitted unless the party to whom the request to admit was directed responds with a sworn statement or written objection within 28 days. 134 Ill. 2d R. 216(c). However, Supreme Court Rule 183 provides that a court may extend the time for filing any pleading if the moving party shows good cause for the extension. 134 Ill. 2d R. 183. This court will not reverse a trial court's decision to deny a motion for extension of time under Rule 183 absent an abuse of discretion. *Waterford Executive Group, Ltd. v. Clark/Bardes, Inc.,* 261 Ill. App. 3d 338, 633 N.E.2d 1003 (1994).

Amy argues that her attorney's inability to contact her during the 28-day period following service of the request to admit amounted to good cause for an extension. However, even if Amy had good cause for a Rule 183 extension on May 21, there was no justification for her failure to file a request for extension until July 15. In fact, since the verified response attached to Amy's July 15 motion is the same as the unverified response she filed on May 21, it is clear that Amy

could have filed that motion in May 1996. This is true regardless of the fact that a hearing on Christopher's motion for summary judgment had already been scheduled. Moreover, the fact that Christopher did not suffer any prejudice is irrelevant. See *Bright v. Dicke*, 166 Ill. 2d 204, 652 N.E.2d 275 (1995). Accordingly, we cannot say that the trial court abused its discretion by denying Amy's request for an extension of time to respond to the request to admit. We thus affirm the trial court's judgment on this issue.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed in part, reversed in part and remanded.

Affirmed in part, reversed in part and remanded.

HOMER and SLATER, JJ., concur.